RECEIVED BY MAIL
DEC 13 2021
CLERK, U.S. DISTRICT COURT
DULUTH, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eric M. Sorenson (aka. Cherrity Honesty-Alexis Meranelli),

   Plaintiff,

-vs-

State of Minnesota; et al.

   Defendants.

CIVIL NO. 21-CV-671-NEB-LIB

**Plaintiff's Memorandum In Reply To Defendants' Opposition To Plaintiff's Motion For Relief From Judgment**

**Plaintiff's Memorandum In Reply To Defendants Opposition To Plaintiff's Motion For Relief From Judgment**

## INTRODUCTION

Wherefore, the Plaintiff, Ms. Cherrity Honesty-Alexis Meranelli ("Ms. Meranelli"), comes now before this Honorable Court and files this reply to "Defendants Opposition To Plaintiff's Motion For Relief From Judgment" ("D.Memo") [ECF No. 84] and states that for the following reasons, and the reasons stated in Ms. Meranelli's principle brief in support of this Motion for Relief From Judgment ("Motion") [ECF No. 68], should be granted in its entirety.

### Brief Factual And Procedural History

SCANNED
DEC 13 2021
U.S. DISTRICT COURT DULUTH

Ms. Meranelli has sued the Defendants for failure to provide her with the ability to use the restroom during treatment and other groups at the Minnesota Sex Offender Program ("MSOP") facility and thus, if she goes, to rejoin groups based upon Ms. Meranelli's substantially limiting disability of his high frequency of needing to use the restroom to the point worse than those whom have IBS.

Shortly after filing this Action under IFP status, the Defendants filed their motion to dismiss the underlying action. This Honorable Court subsequently denied the motion to dismiss in part and granted the motion to dismiss in part. Shortly thereafter, Ms. Meranelli filed her Motion. In doing so, Ms. Meranelli sought to vacate in part the Order On Motion To Dismiss ("Order") authored and issued by this Honorable Court. Shortly thereafter, Defendants filed their opposition to the Motion. Ms. Meranelli currently responds with this Memorandum ("Memo").

## ARGUMENTS

### I. Any Alleged Failure To Meet And Confer About Motion Does Not Require Denial Of Motion.

Within the D.Memo, specifically in FN. 1, seek as "independent grounds" for "dismissal" of the motion based upon the allegation that Ms. Meranelli

failed to meet and confer with the Defendants. While the merits of the argument may not be disputed, Ms. Meranelli should not have been required to exhaust the meet and confer requirements for three reasons (1) because the Defendants themselves have placed insurmountable barriers to the communication with the Defendants counsel of record, (2) the rule simply does not require a meet and confer with the Defendants immediately, and (3) any meet and confer session would have been fruitless. To explain.

### A. Defendants placement of insurmountable barriers.

First, Defendants argument of failure to meet and confer is baseless and self-inflicted. Thus, this Honorable Court should excuse any failure to meet and confer in regards to this Motion and thus grant the Motion in its entirety.

Specifically, the Defendants have developed and implemented a policy, practice, procedure that disallows calls to the Attorney General's Office.[1] Importantly, the Defendants in this Matter are represented by agents of the Minnesota Attorney General's Office ("AGO"). In fact, it is upon information and belief, that the AGO has requested such non-contact with all clients,

---

[1] Due to the timeline of this response and the decision on this Motion, Ms. Meranelli was not able to produce documents that exhibit the Defendants policy, practice, procedure. However, if it pleases this Honorable Court, Ms. Meranelli can produce documents to this Honorable Court that show that phone calls to the Attorney General are not a matter of routine practice that she can engage in at the MSOP without significant amount of preparation which generally happens on a prolonged period of time (i.e., generally in insufficient time to file any motions).

including Ms. Meranelli, at the MSOP. This is of course with phone calls to the AGO however, it is worse and exacerbated with regards to writing the AGO.

In a separate policy by Defendants, Policy No. 420-5030, "Client Mail", attached as Exhibit ("Ex.") I to the Affidavit of Cherrity Honesty-Alexis Meranelli, the Defendants include in the definition of "Legal Mail" in the Definition section of the Client Mail policy to state: Legal Mail does not include: (1) mail to/from the [AGO]; (2) mail to/from individual attorneys working for the Minnesota Department of Human Services ("DHS") and/or Minnesota Sex Offender Program ("MSOP") attorneys; (2) writing "confidential" or "legal mail" does not make the mail legal or privileged if it does not meet this definition. *See* Ex. I attached to Affidavit of Cherrity Honesty-Alexis Meranelli ("Aff.") *(highlighted portions relevant)*.

Since Ms. Meranelli cannot, by Defendants own Client Mail policy, seal any legal mail going to or received from the AGO or its assistants regardless of a specific designation, this implicates a violation of her privacy rights involving legal mails. It is undisputed that Ms. Meranelli, as a pretrial detainee in state custody has a right to privacy in her legal mails. *West v. Palmer*, 2017 U.S. Dist. LEXIS 131109, LEXIS 23 (N.D. Iowa Aug. 17, 2017) ("It is long established that

those in state custody have the right to privacy in their legal mail.") (*Wolff v. McDonnell*, 418 U.S. 539, 577, 94 SCT 2963, 2985, 41 LED2D 935 (1974)).

Although it is acknowledged that there is limitations on the right of privacy, such as the opening of the legal mails in front of Ms. Meranelli, however, these are even violated by Defendants per their Policy. Specifically, when mail does come in from the AGO or its assistant it is opened *prior* to Ms. Meranelli being in front of the Defendants opening it. In fact, the specific legal mails from the AGO is opened by a separate department at the MSOP facility – i.e., the Mailroom Department.

Thus, even writing through the mails to meet and confer, if this where appropriate, would require Ms. Meranelli to violate and thus, wave, her very important right to privacy in her legal mails. This is something that should not and cannot be *required* of Ms. Meranelli.

Thus, due to Defendants own insurmountable obstacles to meeting and conferring with the Defendants over motions, including this Motion, by the very enactments of their own policies, practices, and procedures, and by, upon information and belief, AGO's own request, any failure to meet and confer should be excused and Ms. Meranelli's Motion should be granted in its entirety.

### B. No requirement to immediately meet and confer.

Second, even if Ms. Meranelli did have a viable means of meeting and conferring, which again, she did not, she was still not required by the rules to meet and confer immediately upon filing the Motion.

The meet and confer requirement is controlled by D. Minn. LR 7.1. *See* D. Minn. LR 7.1(a). However, D.Minn.LR 7.1(a) states before filing a motion other than a motion for a temporary restraining order or a motion under Fed. R. Civ. P. 56, the moving party must, *if possible*, meet and confer with the opposing party...." *See* D. Minn. LR 7.1 (a) (emphasis added). However, the inclusion of the phrase "if possible" dictates that a meet and confer requirement is not always required to happen right away. Rather, the motion can file the motion and proceed with a meet and confer session later, i.e., after filing the motion. *Id.*; *See Scheffler v. First Nat'l of Neb., Inc.*, 2020 U.S. Dist. LEXIS 18617, FN. 7 (D. Minn. Jan. 3, 2020) (*See, e.g., Daywitt v. Minn. Dep't of Human Servs.*, No. 17-cv-5574 (NEB/TNL), 2019 U.S. Dist. LEXIS 54231, 2019 WL 1417451, at *3 (D. Minn. Mar. 29, 2019) (stating that the court has discretion to consider a motion that does not comply with LR. 7.1)).

In this case, in the first instance there is no indication that given the chance, Ms. Meranelli would have failed to meet and confer with the

Defendants, as she does not oppose doing so, yet as explained above is being blocked from doing so by the *Defendants* own doing.

Therefore, the Defendants are incorrect in that Ms. Meranelli always has a duty prior to filing her Motion to meet and confer as that is not the rule. Therefore, Ms. Meranelli's Motion should be decided upon the merits and should thereafter be granted in its entirety.

### C. A meet and confer would have been fruitless.

Third and lastly, any meet and confer session would have been fruitless as it relates to this Motion for the following reasons and thus Ms. Meranelli's Motion should be granted in its entirety.

Looking for the relief and subject matter in the Motion, Ms. Meranelli is requesting to have portions of the Order overruled and/or granted. However, even with an agreement by the Defendants, they, nor Ms. Meranelli, holds the authority to reverse any portion of the Order. Rather, ultimately, the reversal of its orders is the sole province of this Honorable Court, regardless of a stipulation as to any portion of the Motion.

This is important when considering the context of the meet and confer session. D. Minn. LR 7.1's objective is stated in the rule itself. It states that a meet and confer session is to allow the opposing litigants to meet to discuss

the possibility to resolve the issues. *See* D. Minn. L.R. 7.1. Again, in this case the parties cannot resolve anything in regards to the Motion, rather, again, that is the sole province of this Honorable Court. As it would have been fruitless to meet and confer, Ms. Meranelli should not be required to have undergone this process with regards to this Motion. *See Sec. Nat'l Ins. Co. v. City of Montebello*, 680 Fed. Appx. 525, 528 (9th Cir. 2017) ("... the law does not require a man to do a vain and fruitless thing..."); *Wilson v. City of San Jose*, 111 f.3d 688, 693 (9th Cir. App. 1997) (same as *City of Montebello, supra*).

Therefore, Ms. Meranelli should be excused from complying with the meet and confer requirement and her motion considered on the merits and thereafter granted in all respects.

## II. Plaintiff's Motion Under Rule 59 Is Properly Considered By This Honorable Court As Its' Order On Motion To Dismiss Is Tantamount To A Judgment.

Within the D.Memo, Defendants allege that the portion of Ms. Meranelli's portion of the Motion that requests Rule 59, FRCP, relief should be denied because, allegedly, there was no judgment issued by this Honorable Court. However, this argument is not completely accurate.

Though the Order was labeled just that, an Order, functionally it functions as a judgment, albeit partial. To explain. The Order dismisses claims,

defendants, and some relief, some with prejudice and some without, from this Action. Given that, without some sort of relief from this Honorable Court, or from a higher court, Ms. Meranelli will not be able to pursue those claims, Defendants, and/or reliefs. Thus, the Order is a functional equivalent to a judgment, it just is not so-labeled as such.

Thus, given the functional equivalent of a judgment, the Order is a proper target of FRCP 59 and as such Ms. Meranelli's Motion should be granted in its entirety.

### III.  In The Alternative, Rule 59 Is Still Proper Target Of Order Based Upon The Alternative Relief Requested To Enter Partial Judgment In Motion.

Even if this Honorable Court disagrees that the Order is the functional equivalent of a partial judgment in this Action, alternatively, the alternative requested relief in the Motion would make it so that the Order is a proper target of FRCP 59.

Within the Motion, as an alternative form of relief, Ms. Meranelli requested that for any issues that this Honorable Court denied in the Motion, she would request that this Honorable Court enter final partial judgment on those issues. Thus, this Honorable Court may bifurcate the requested reliefs in the Motion.

Specifically, procedurally, this Honorable Court could review the Order under Rule 60, FRCP, and if that fails, which as stated below, it should not, then enter final partial judgment on those issues and review those issues again under the same arguments made under Rule 59, FRCP. Thus, a judgment will officially be issued in this Matter and then the Defendants alleged concerns with a judgment will become moot. Also this procedure would save judicial resources of denying the Rule 59 motion and then having her file a new motion under Rule 59, FRCP, after the partial judgment has been issued formally. Furthermore, it would safeguard this Honorable Court as well from any appealable issues as it would provide this Honorable Court another means of correcting any potential errors of the Order.

Thus, given the procedural process suggested in this Memo, Ms. Meranelli's Motion should and could be granted in this Action under Rule 59, FRCP, standards.

### IV. Plaintiff's Rule 60 Motion Should Be Granted As It Presents Proper Arguments On Motion.

Within the D.Memo, Defendants allege that this Honorable Court should deny Ms. Meranelli's Motion seeking Rule 60, FRCP, relief because allegedly she failed to provide exceptional circumstances. For the following reasons this

argument fails and this Honorable Court should grant Ms. Meranelli's Motion in whole.

In support of their instant argument that allegedly Ms. Meranelli failed to provide for exceptional circumstances, they allege that she has attempted to use Rule 60, FRCP, to reargue the facts of the motion to dismiss. This however is not so. Although the Defendants may wish to classify Ms. Meranelli's arguments as re-arguing the motion to dismiss, she very much establishes proposed errs that this Honorable Court has potentially made in making the Order. In fact, Ms. Meranelli's principle brief is not based upon the argument in the motion to dismiss, rather it is based upon the Order on the motion to dismiss. Therefore, it is implausible for Defendants to argue that Ms. Meranelli was re-arguing the motion to dismiss.

Thus, because Ms. Meranelli raised issues with the Order and not the motion to dismiss via raising potential errs of this Honorable Court, and thus has raised compelling circumstances, Ms. Meranelli's Motion raises valid arguments and should be granted in all respects.

### V.  Ms. Meranelli Maintains That She Should Not Be Held Responsible For Her Failure To Timely Respond To The Motion To Dismiss Due To Defendants Own Actions.

In the D.Memo, Defendants allege in FN.2 that Ms. Meranelli's reasoning in the Motion that she lacked access to legal materials to make a response is insufficient to demonstrate exceptional circumstances. However, they are wrong for the following reasons.

Indeed in the D.Memo the Defendants attempt to bolster their current argument by alleging that Ms. Meranelli's allegations of Defendants interference of her ability to file a response to the motion to dismiss is belied by the apparent filing of a unrelated motion prior to filing her extension of time. Also, Defendants allege that Ms. Meranelli has been able to prepare and file numerous filings in this case.

Ms. Meranelli does not contend that she was not able to prepare and file multiple pleadings in this matter, however, those pleadings, in the majority, has been filed *after* the ruling on the motion to dismiss, not prior or during. Although, arguendo, even if Ms. Meranelli did file one pleading prior to the motion for the extension of time, the Defendants even admit, this was unrelated to the motion to dismiss. Therefore, the fact that Ms. Meranelli was, arguendo, able to file *one* motion that was <u>unrelated</u> to the motion to dismiss is irrelevant.

Specifically, Ms. Meranelli alleges in her Motion that the Defendants blocked her from filing a response to the motion to dismiss, *not* other document or unrelated motions. Specifically, Ms. Meranelli alleges that the Defendants had, at the time a response to the motion to dismiss was due, her documents related to the motion to dismiss (i.e., the memorandum in support of the motion to dismiss and other documents). Thus, making it impossible for Ms. Meranelli to file a response.

Thus, in regards to whether the Defendants blocking Ms. Meranelli from filing a response constitutes exceptional circumstances, contrary to Defendants bald assertions, she cannot imagine any better example of exceptional circumstances.

## CONCLUSION

For the reasons stated in her principle brief and those stated here, Ms. Meranelli's Motion For Relief From Judgment should be granted in its entirety.

Dated: <u>Wednesday, December 01, 2021</u>     Respectfully Submitted:

12/1/2021

X _____
Eric M. Sorenson

Signed by: Eric Sorenson
(aka. Cherrity Honesty-Alexis Meranelli)
1111 Highway 73

Moose Lake, Minnesota 55767
**Plaintiff, *Pro Se***