UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric M. Sorenson, also known as Cherrity Honesty-Alexis Meranelli,[1] | Case No. 21-cv-671 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Minnesota, et al., | |
| Defendant[s]. | |

This matter is before the Court on Plaintiff Cherrity Honesty-Alexis Meranelli's application to proceed *in forma pauperis* ("IFP") on appeal. [ECF 94]. On January 6, 2022, Ms. Meranelli filed a Notice of Appeal to the United States Court of Appeals for the Eighth Circuit from two District Court Orders dated September 13, 2021 [ECF 44], and December 17, 2021 [ECF 91].[2] Respectively, these Orders granted in part and denied in part the Defendants' motion to dismiss and denied Ms. Meranelli's motion for relief from judgment and request for leave to file a motion for reconsideration.

A litigant who seeks to be excused from paying the $505 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the

---

[1] Plaintiff filed this suit under her legal name, Eric M. Sorenson, and used masculine pronouns to refer to herself in the Complaint. She later filed a motion, which was granted by United States Magistrate Judge Leo I. Brisbois, requesting that the Court accommodate her preferred name (Cherrity Honesty-Alexis Meranelli) and use feminine pronouns. [ECF 34, 38].

[2] United States District Judge Nancy E. Brasel issued the Orders Ms. Meranelli appeals prior to the action's reassignment to the undersigned District Judge on December 29, 2021. [ECF 92].

1

litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status may be denied when the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether an appeal is taken in good faith, courts consider whether the claims to be decided on appeal are factually frivolous, *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962), which is the case when an appeal "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Having reviewed the representations in Ms. Meranelli's application to proceed IFP on appeal, including that she is significantly in debt and has no substantial source of income, the Court finds that she is financially eligible for IFP status on appeal.[3] Further, although the Court does not suggest any disagreement with the Orders partially dismissing Ms. Meranelli's claims and denying her requests for reconsideration, her claims do not appear to be legally or factually frivolous. Therefore, Ms. Meranelli's appeal is found to be taken "in good faith" for purposes of Fed. R. App. P. 24(a)(3), and her IFP application is granted.

Notwithstanding the foregoing conclusion, the Court will not stay this action pending the Eighth Circuit's decision regarding Ms. Meranelli's appeal because the Orders that she asks the appellate court to review are plainly not appealable at this time. Federal appellate courts have jurisdiction over appeals from final decisions of the district courts. 28 U.S.C. § 1291. The general rule is that "the whole case and every matter in controversy in it [must be] decided in a single appeal." *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017) (citation

---

[3] The Court also notes that Ms. Meranelli was granted permission to proceed IFP in District Court when she filed this action. [ECF 4].

2

omitted). Where a district court order dismisses only some of a plaintiff's claims and others remain pending, the Eighth Circuit Court of Appeals routinely dismisses premature appeals from such partial dismissal orders for lack of jurisdiction because they do not involve an appealable final decision under § 1291. *E.g.*, *Reed v. John Does*, 454 Fed. App'x 536, 536–37 (8th Cir. 2012) (per curiam); *Meyer v. Bell & Howell Co.*, 584 F.2d 291, 293 (8th Cir. 1978). Though it dismissed several claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the September 13, 2021 Order left standing Ms. Meranelli's claims under the Americans with Disabilities Act, the Rehabilitation Act, and the Minnesota Human Rights Act. The District Court did not direct entry of judgment on the dismissed claims, nor expressly determine that there was no just reason for delay pursuant to Fed. R. Civ. P. 54(b). Nor has the District Court certified an interlocutory appeal under 28 U.S.C. § 1292(b). Accordingly, it is very likely that the court of appeals will determine that it lacks jurisdiction and dismiss Ms. Meranelli's appeal. Given that likely result, this case should continue while the appeal is pending.

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's application to proceed *in forma pauperis* on appeal [ECF 94] is **GRANTED**.

Date: February 23, 2022

                                                            *s/Katherine Menendez*
                                                            Katherine Menendez
                                                            United States District Judge