UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric M. Sorenson a/k/a Cherrity Honesty-Alexis Meranelli, | Civil File No. 21-cv-671 (KMM/LIB) |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE DISPOSITIVE MOTION** |
| vs. | |
| State of Minnesota, et al., | |
| Defendants. | |

### INTRODUCTION

Plaintiff Cherrity Honesty-Alexis Meranelli asks the Court for leave to file a dispositive motion five months prior to the close of discovery, when no depositions have been taken and the discovery deadlines were moved at Ms. Meranelli's own request. To conserve judicial resources and to avoid prejudice to Defendants, Ms. Meranelli's Motion should be denied.

### ARGUMENT

There is no reason to grant Ms. Meranelli's Motion for Leave to File a Dispositive Motion now. The Court's Amended Pretrial Scheduling Order (Doc. 87) specifically dictated that the parties should schedule dispositive motions "after all discovery has been completed, and to schedule all dispositive motions for the same hearing." (*Id.*, p. 4, n. 4.) Despite this clear language, Ms. Meranelli filed her Motion on February 25 without meeting and conferring with Defendants' counsel prior to its filing (in violation of L.

R. 7.1(a), and without the required meet-and-confer statement). For her failure to comply with the Local Rules alone, Ms. Meranelli's Motion (and all future motions for which she fails to meet and confer with Defendants) should be denied summarily.[1] *See Mgmt. Registry, Inc. v. A.W. Co., Inc.*, 17-cv-05009-JRT-KMM, 2019 WL 2024538 at *3 (D. Minn. May 8, 2019) (denying motion based on failure to meet and confer); *Laughlin v. Stuart*, No. 19-cv-2547 (ECT/TNL), 2020 WL 4747665 at *4 (slip copy) (noting the Court can deny a pro se party's motion for failure to comply with L.R. 7.1(a)).

Ms. Meranelli's Motion should also be denied for the reasons contemplated in the Amended Pretrial Scheduling Order. At Ms. Meranelli's own request, the Court adjusted all deadlines in this case by 60 days, resulting in the existing discovery deadline. (Doc. 87.) That discovery deadline is **five months** away – on July 31, 2022. (*Id.*) Defendants have significant outstanding discovery to conduct, including depositions. As the Court noted in its Order on Defendants' Motion to Dismiss, several factors of Ms. Meranelli's remaining claims are "inherently fact-dependent" and "fact specific." (Doc. 44, pp. 13, 15 (*citing Simpson v. Cnty. Of Cape Girardeau*, 879 F.3d 273, 279, 282 (8th Cir. 2018); *Rinehart v. Weitzell*, 964 F.3d 684, 688 (8th Cir. 2020)). In these circumstances, a dispositive motion

---

[1] Ms. Meranelli's failure to meet and confer with Defendants prior filing motions is a chronic issue in this case. *See* Docs. 61-78 (multiple motions appearing without a meet-and-confer statement). Moreover, this failure has led to judicial inefficiencies, including motions that would not have been contested or were moot (Docs. 79-80, 83 p. 2 (noting several motions that were moot)). While Ms. Meranelli claimed she should be excused from the requirements of L.R. 7.1(a) (Doc. 88, pp. 2-3), the Court has not granted this relief, nor should it. Nothing prevents Ms. Meranelli from calling Defendants' counsel directly (and, indeed, Ms. Meranelli and undersigned counsel have communicated via phone over the course of this case), and Ms. Meranelli may confer with Defendants' counsel via letter.

brought before the close of discovery would be subject to a Fed. R. Civ. P. 56(d) response by Defendants. In short, attempting to litigate these issues without the benefit of full discovery of the relevant facts (especially when Defendants have the opportunity to bring their own dispositive motion after the close of discovery) would be inefficient and fruitless.

Moreover, granting Ms. Meranelli's Motion would prejudice Defendants, who would be forced to defend against a dispositive motion without the benefit of discovery, including depositions to test the credibility of Ms. Meranelli's assertions and allegations made in her complaint and subsequent declarations. Ms. Meranelli has not given any reason why an early dispositive motion would be beneficial to this Court or "necessary."[2] (*See* Doc. 87, p. 4 n. 4.) With no established benefit, identified prejudice to Defendants, and the goals of the Amended Pretrial Scheduling in mind, Ms. Meranelli's Motion for Leave to File a Dispositive Motion should be denied.

---

[2] Ms. Meranelli failed to file any memorandum of law with her Motion, in violation of L.R. 7.1(b)(1). This, too, warrants denial of her Motion.

## CONCLUSION

Ms. Meranelli's premature Motion for Leave to File a Dispositive Motion five months before the discovery deadline and seven months before the dispositive motion deadline should be denied.

Dated: March 2, 2022.                    Respectfully submitted,

                                                              KEITH ELLISON
                                                              Attorney General
                                                              State of Minnesota

                                                              *s/ Emily B. Anderson*
                                                              EMILY B. ANDERSON
                                                              Assistant Attorney General
                                                              Atty. Reg. No. 0399272

                                                              445 Minnesota Street, Suite 1400
                                                              St. Paul, Minnesota 55101-2131
                                                              (651) 583-1374 (Voice)
                                                              (651) 282-5832 (Fax)
                                                              Emily.Anderson@ag.state.mn.us

                                                              *Attorneys for Minnesota Department of Human Services, Krista Lynn Gilpin (individual and official capacities), Nicole D. Boder (individual and official capacities), Eric Falk (individual and official capacities)*

|#4997759-v1