UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric M. Sorenson, also known as Cherrity Honesty-Alexis Meranelli,[1] | Case No. 21-cv-671 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Minnesota, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Cherrity Honesty-Alexis Meranelli's Motion for Leave to File Dispositive Motion and Notice. ECF No. 100. In the Amended Scheduling Order, The Honorable Leo I. Brisbois, United States Magistrate Judge, set a July 31, 2022 fact-discovery deadline and a September 30, 2022 deadline for filing dispositive motions. ECF No. 87 ¶¶ I, VIII. With respect to the latter, Judge Brisbois provided the following instructions:

> The parties should attempt to schedule dispositive motions after all discovery has been completed and to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing. If the parties believe early or piecemeal dispositive motion practice is necessary, they should seek permission of the District Judge.

*Id.* at 4 n.4. Pursuant to this provision, Ms. Meranelli seeks permission to file an early dispositive motion regarding her Americans with Disabilities Act ("ADA") claim.

---

[1] As the Court has noted previously, the Court refers to Plaintiff by her preferred name, Cherrity Honesty-Alexis Meranelli, and uses feminine pronouns. ECF Nos. 34, 38 & 98 at 1 n.1.

1

Defendants oppose Ms. Meranelli's request. Defs.' Resp., ECF No. 107. They argue that precluding Ms. Meranelli from filing an early motion for summary judgment will conserve judicial resources and avoid prejudice to Defendants. *Id.* at 1. Defendants point out that discovery will remain open for another five months. *Id.* at 2. They explain that allowing Ms. Meranelli to file an early motion for summary judgment will result in Defendants filing a response invoking Fed. R. Civ. P. 56(d), which would justify deferring consideration of the motion or denying it if the Defendants show that they cannot, at such an early stage of the litigation, present facts essential to justify their opposition. *See id.* at 2–3. Finally, Defendants assert that Ms. Meranelli failed to meet and confer with defense counsel prior to filing the motion and did not submit a memorandum of law in support of the motion, both of which are inconsistent with Local Rule 7.1. Defendants contend that such noncompliance with the Local Rule provides an independent basis for denying the motion.

Having carefully reviewed the motion and response, the Court concludes that early submission of a summary judgment motion by Ms. Meranelli would inefficient. Under Rule 56(d), "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(d). Nevertheless, as is the case with the Amended Scheduling Order in this case, courts often require a party to obtain permission to file a motion for summary judgment prior to the expiration of fact discovery and deny such requests where there has been no showing that judicial efficiency would be served if it were granted. *Brand Advantage Gr., Inc. v. Henshaw*, No. 20-cv-225 (JRT/HB), 2020 WL 5097107, at *2 (D. Minn.

Aug. 28, 2020); *Prow v. Roy*, No. 15-cv-3857 (PAM/SER), 2016 WL 4618890, at *2 (D. Minn. Sept. 6, 2016).

Ms. Meranelli has not shown that it would be efficient to allow her to submit her motion for summary judgment prior to the close of fact discovery. In support of her request, Ms. Meranelli discusses the legal backdrop for her ADA claim. Meranelli Decl. ¶¶ 1–17, ECF No. 101. She then explains that she was taken to the St. Cloud Hospital Emergency Trauma Center on February 26, 2001 due to "recurrent right upper quadrant pain." *Id.* ¶ 18. An ultrasound revealed "numerous stones," but her pain eventually resolved. *Id.* ¶¶ 19–20. She was diagnosed with "Biliary colic" and the physician recommended dietary changes; to return if she experienced increased pain, ran a fever, or felt ill; and to follow up with other providers for her health concerns. *Id.* ¶ 21. On March 13, 2001, Ms. Meranelli underwent surgery to remove her gallbladder due to the stones that were found in the emergency department ultrasound. *Id.* ¶ 22.

> As a side effect of the removal of Ms. Meranelli's gallbladder, Ms. Meranelli has and continues to have to use the restroom to vacate her bowels on a more frequent and unscheduled basis than that of a person in general society and also more frequently and on an unscheduled basis based upon a person with IBS.

*Id.* ¶ 23. She must use the restroom nearly every half hour and "when urges persist" she must "use the restroom immediately." *Id.* ¶ 24.

Ms. Meranelli is confined at the Minnesota Sex Offender Program facility in Moose Lake, Minnesota, under an order of civil commitment. She is scheduled to participate in programming as part of her daily activities. *Id.* ¶ 25. She alleges that Defendants and their policies prevent her from being able to use the restroom during this programming and then

return to the programming after she has relieved herself. *Id.* The "programming events usually last between one to two hours, and even at times, more." *Id.* ¶ 25(c). More than "80 percent of the times that [she is] attending a scheduled programming event," she cannot complete it because of her frequent need to use the restroom. *Id.* ¶ 25(d). If she leaves the event, she is subjected to discipline, not allowed to return to the programming, or both. *Id.*

The Court makes no comment on the potential outcome of a motion for summary judgment if supported by the evidence Ms. Meranelli has submitted, but she has not explained why it would be appropriate to consider such a motion now.[2] Discovery has only just begun. Defendants have a right to take discovery so that they may prepare for trial, and if appropriate, to submit their own motion for summary judgment. Ms. Meranelli has not had an opportunity to obtain discovery relevant to her own claims or Defendants' defenses. Given the lengthy remaining period for fact discovery, early summary judgment practice would be based on an incomplete record. Moreover, it is likely that allowing Ms. Meranelli to file her summary judgment motion early would require consideration of a Rule 56(d) request from Defendants, and if such a request were granted, yet another round of summary judgment practice later in the litigation. This would not only increase the burden on judicial resources, but waste the parties' own resources as well. Accordingly, the Court denies

---

[2] Though she has not said so explicitly, it is possible that Ms. Meranelli hopes to achieve a prompt resolution in her favor that requires Defendants to allow her more frequent restroom breaks during scheduled programming events. Indeed, in her most recent pleading, among other relief, she seeks just such an injunction. Am. Compl., Prayer for Relief ¶ 2(a), ECF No. 78. But early summary judgment practice is a poor fit for obtaining such relief.

Ms. Meranelli's request, but does so without prejudice because circumstances may change that make early dispositive motion practice appropriate.

For these reasons, **IT IS HEREBY ORDERED that** Plaintiff's Motion for Leave to File Dispositive Motion and Notice [ECF No. 100] is **DENIED WITHOUT PREJUDICE**.

Finally, although the Court did not reach its decision on Ms. Meranelli's motion based on Defendants' assertion that she failed to comply with the Local Rules, some comment on this issue may be helpful to the parties going forward. The undersigned endeavors to decide disputes on their merits whenever possible, and especially in cases involving *pro se* litigants like Ms. Meranelli, the Court will allow some leeway rather than demand the strictest adherence to the procedures established by the Local Rules. Here, Defendants raised two concerns with Ms. Meranelli's filing: (1) failure to meet and confer; and (2) failure to file a memorandum of law. The latter of these technical failures to comply with the Local Rules was not at all prejudicial to Defendants, especially in light of the discussion Ms. Meranelli provided in her declaration. That document provided Defendants with the gist of Ms. Meranelli's argument and allowed them to craft a substantive response. Although Ms. Meranelli is advised to comply with the Local Rules in the future, the Court does not find the lack of a separate memorandum to be a reasonable basis on which to deny relief.

However, Ms. Meranelli's failure to meet and confer prior to filing motions is more problematic. Local Rule 7.1 provides only two exceptions to the meet-and-confer requirement, neither of which is applicable here. D. Minn. LR 7.1(a) (requiring a meet-and-

confer prior to filing any motion other than a motion for a temporary restraining order or for summary judgment). The Court has not excused Ms. Meranelli from compliance with the meet-and-confer requirement. Moreover, Defendants represent that Ms. Meranelli and defense counsel have previously spoken on the phone about issues in this case. A failure to meet and confer prior to filing a motion can result in motion practice that is entirely unnecessary, for example, if Defendants would have agreed to the relief Ms. Meranelli requested had she but asked them directly. In such an instance, the failure to meet and confer is also prejudicial because the nonmoving party is forced to respond to the motion where that effort could have been avoided. And conferring before filing a motion also ensures that only those issues that have crystalized into genuine disagreements are brought before the Court for resolution. The Court expects both sides to adhere to the meet-and-confer requirements prior to filing future motions.

Date: March 3, 2022

                                                    *s/Katherine Menendez*
                                                    Katherine Menendez
                                                    United States District Judge