# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric M. Sorenson, also known as Cherrity Honesty-Alexis Meranelli, | Case No. 21-cv-671 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Minnesota, et al., | |
| Defendants. | |

This matter is before the Court concerning a voicemail the Court received on March 7, 2022 from Plaintiff Cherrity Honesty-Alexis Meranelli. In her message, Ms. Meranelli states that she has just received a copy of the Court's March 3, 2022 Order denying her request for permission to file an early motion for summary judgment. ECF No. 108 (denying plaintiff's motion at ECF No. 100). She further indicates that she recently received the Defendants' response to that motion and was planning to file a reply, and states that she would like to file such a document and have the Court reconsider its ruling denying her motion for leave to file an early dispositive motion.

Under Local Rule 7.1(j), "a party must not file a motion to reconsider" unless they have first obtained permission from the Court. D. Minn. LR 7.1(j). To obtain permission to file a motion for reconsideration, the party "must show compelling circumstances," and file and serve a letter of no more than two pages requesting" permission to file the motion for reconsideration. *Id.* Compelling circumstances include those where reconsideration is necessary to "correct manifest errors of law or fact or to present newly discovered

1

evidence." *Fuller v. Hafoka*, Civ. No. 19-886 (PJS/BRT), 2020 WL 5350270, at *1 (D. Minn. Sept. 4, 2020). "A party cannot use a motion to reconsider as a vehicle to reargue the merits of the underlying motion." *Id.* (quotations omitted). "A party who opposes such a request may file and serve a letter of no more than two pages in response." D. Minn. LR 7.1(j).

Pursuant to Local Rule 7.1(j), Ms. Meranelli may certainly file a letter requesting permission to file a motion for reconsideration of the Court's March 3, 2022 Order. Though the Court does not wish to prejudge the merits of such a request should Ms. Meranelli choose to submit it, if she seeks permission to file a motion for reconsideration solely because she did not have an opportunity to submit a reply brief, such a request is unlikely to be successful. Her motion seeking permission to file an early dispositive motion was itself a request for nondispositive relief, and as such, she was not entitled to file a reply memorandum in support of it. D. Minn. LR 7.1(3) ("Except with the court's prior permission, a party must not file a reply memorandum in support of a nondispositive motion."). That said, Ms. Meranelli is not prohibited from requesting permission to file a motion for reconsideration and should determine for herself whether she will make that request. If Ms. Meranelli files a letter under Local Rule 7.1(j), the Defendants shall file any letter opposing the request within three business days after the letter is docketed by the Clerk's Office.

Finally, the Court notes that Ms. Meranelli should submit all future requests in writing. Doing so will ensure that opposing counsel is aware that a request has been made, whereas calling the undersigned's chambers, or the chambers of Magistrate Judge Brisbois, does not provide the same transparency. Though the undersigned does not believe that

Ms. Meranelli intended anything untoward in leaving the voicemail to which this Order responds, it is vitally important to the administration of justice that parties not engage in any *ex parte* communications with the Court.

    **IT IS SO ORDERED**.

Date: March 7, 2022

                                                 *s/ Katherine Menendez*
                                                 Katherine Menendez
                                                 United States District Judge