UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric M. Sorenson, *also known as*, Cherrity Honesty-Alexis Meranelli,<br><br>Plaintiff,<br><br>v.<br><br>State of Minnesota, et al.,<br><br>Defendants. | Case No. 21-cv-671 (KMM/DJF)<br><br>**ORDER DENYING MOTION FOR A PROTECTIVE ORDER OR FOR APPOINTMENT OF COUNSEL** |

This matter comes before the Court on Plaintiff's Motion for a Protective Order or for Appointment of Counsel ("Motion") (ECF No. 145). Plaintiff seeks an order precluding Defendants from deposing her as noticed for September 29, 2022. (ECF No. 146 at 3.) Plaintiff argues the deposition notice was defective for multiple reasons, including that Defendants failed to obtain leave of court before serving it, that the deposition notice constitutes harassment, that Defendants intend to use the deposition to seek "irrelevant and inadmissible evidence," and that allowing Defendants to depose her would put her at an unfair disadvantage. (*Id.* at 3-10.) Plaintiff also requests—both in addition to the requested protective order and in the alternative—that the Court appoint her counsel for the remainder of this action. (*Id.* at 10-12.) For the reasons set forth below, the Motion is denied.

**Protective Order**

Plaintiff argues she is entitled to a protective order because Defendants failed to comply with the requirements of Rule 30 of the Federal Rules of Civil Procedure. (*Id.* at 3.) Rule 30(a)(2)(B) states that when a deponent is "confined in prison" the party seeking the deposition

1

"must obtain leave of court." Such leave must be freely given "to the extent consistent with Rule 26(b)(1) and (2)." (*Id.*)

Here, there is no dispute that Defendants noticed Plaintiff's deposition without first seeking the Court's leave to do so. However, the leave requirement on which Plaintiff relies applies only if she is a "prisoner" within the meaning of Rule 30. While Plaintiff is not in federal or state criminal custody, she is currently civilly detained at the Minnesota Moose Lake Sex Offender Program Facility ("MSOP") (*Id.* at 6). Plaintiff argues that "the standards for prisoners are applied to those who[] are detained within the [MSOP]" (*id.* 4), because MSOP custody is effectively a prison (*id.* at 4-6). Plaintiff contends that for this reason the Court should hold she is a "prisoner" for purposes of Rule 30(a)(2)(B).

Civilly detained individuals such as Plaintiff are not generally classified as "prisoners" under the law. *See, e.g.*, *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006) (distinguishing the rights of civil detainees from those of prison inmates). An MSOP detainee's challenge to her conditions of confinement instead must be evaluated under the standards applicable to pretrial detainees. *Karsjens v. Loury*, 988 F.3d 1047, 1053 (8th Cir. 2021). But the question of whether the Rule 30 leave provision applies to civil detainees appears to be an issue of first impression. Courts in analogous cases have reached differing conclusions depending on the nature of the deponent's confinement. For example, the court in *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 578 n.2 (N.D. Tex. 2002), found that a juvenile detention facility constitutes a "prison" for purposes of Rule 30, while the court in *Blackwell v. Houser*, No. 5:16-cv-67, 2017 WL 392184, at *2 & n.1 (W.D.N.C. Jan. 27, 2017), held that the leave provision of Rule 30(a)(2)(B) did not apply to a pretrial detainee who was housed in a jail.

2

Plaintiff contends she is entitled to invoke the leave provision because, as a civil detainee, her rights are "at least as great as a prisoner[']s rights." (ECF No. 146 at 4.) However, most courts agree that the purpose of Rule 30(a)(2)(B) is not to protect the deponent but to "prevent the disruption of the administration of the penal institution[,]" which is not at issue when the State itself is the party who has scheduled the deposition. *Kendrick v. Schnorbus*, 655 F.2d 727, 728 (6th Cir. 1981). Moreover, even assuming one purpose of the Rule is to "protect the prisoner from any possible disadvantage in the deposition process arising from prison confinement," that protection is hardly served "where the prisoner [her]self is the plaintiff in a civil rights litigation, and therefore is the very party who initiates the action of [her] own choice[,]" because "[t]he likelihood that the plaintiff will be unfairly surprised by a request for [her] deposition in this instance is minimal." *Id.* at 729. In applying this analysis to Plaintiff's motion, the Court would be compelled to find the leave of Court requirement under Rule 30(a)(2)(B) does not apply to Plaintiff's deposition in this case.

As discussed below, however, the Court need not resolve this novel question. Because even assuming for purposes of argument that the leave requirement does apply to Plaintiff's deposition, the Court finds Plaintiff will not be prejudiced by the deposition and will *sua sponte* grant leave to the extent such leave is required. When the plaintiff-detainee's only basis for a protective order is a Rule 30(a)(2)(B) violation, courts have *sua sponte* granted leave to depose the plaintiff because "[o]rdering a halt to the scheduled deposition, until such time as the defendant moves for leave under Rule 30(a), only would delay the progress of the instant litigation and would waste the time and resources of [the] Court and the parties." *Miller v. Bluff*, 131 F.R.D. 698, 700 (M.D. Pa. 1990); *see also Kendrick*, 655 F.2d at 729 (holding that failure to comply with Rule 30(a)(2)(B) did not warrant suppressing an already taken deposition where the deponent was a in

3

prison, the plaintiff to the lawsuit, and could not show any real injury); *Vogelsberg v. Kim*, No. 17-cv-596-JDP, 2019 WL 4539011, at *1 (W.D. Wis. Sept. 19, 2019) (holding that prejudice was required to suppress a deposition taken of a plaintiff-detainee in violation of Rule 30(a)(2)(B)).

Plaintiff asserts that allowing Defendant to take her deposition would be improper and prejudicial for two reasons: (1) Defendant allegedly seeks to discover "irrelevant and inadmissible evidence" (ECF No. 146 at 6-9); and (2) allowing the Defendant to depose her would create "an unfair playing field" and place Plaintiff on "unequal grounds with the Defendants" because she is unable to conduct depositions due to her confinement (*Id.* at 9-10).[1]

Rule 26(c) gives the Court authority to grant protective orders limiting discovery for good cause "to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). The movant bears the burden of establishing good cause, and must provide "a particular demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264-65). To determine whether the movant has established good cause, courts weigh "the moving party's interest in protective order against the opposing party's interest in obtaining the information at issue." *Brosdahl–Nielsen v. Walden Auto. Grp., Inc.*, No. 04-cv-1363 (JMR/JSM), 2004 WL 6040018, at *2 (D. Minn. Nov. 24. 2004).

---

[1] Plaintiff also argues that Defendant seeks inadmissible "character evidence" and inadmissible evidence of "crimes, wrongs, or acts" (ECF No. 146 at 8-9). In asserting this argument, Plaintiff misunderstands the applicable legal standard. Under Rule 26, parties may obtain discovery regarding any nonprivileged matter that is "relevant" to any party's claim or defense and "proportional to the needs of the case." Fed. R. Civ. P. 26(a)(b). The Rules do not limit discovery to that which is "admissible" under the Rules of Evidence. Moreover, while Plaintiff claims to know Defendant is seeking inadmissible evidence "from past conversations" with Defendant, (ECF No. 146 at 8), she offers only conclusory statements, which provide the Court no basis to find good cause sufficient for a protective order. *See Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973).

Here, Plaintiff bears responsibility for filing the Complaint such that the facts underlying her allegations are at the core of this lawsuit. Defendants have a compelling interest in learning the bases for her claims and she should not be surprised by Defendants' decision to depose her. *See Kendrick*, 655 F.2d at 729. Plaintiff does not have a legitimate interest in preventing Defendant from deposing her to inquire about facts relevant to her claims.

Plaintiff's argument that the deposition puts her on an unfair playing field is also without merit. Plaintiff previously moved for leave to depose two nonparties and for the Court to require Defendants to pay the costs associated with those depositions (ECF No. 110). The Court denied her request for repayment of costs on grounds that it was unsupported (ECF No. 142 at 3) but provided Plaintiff with instructions for issuing deposition notices and obtaining subpoenas from the Clerk of Court if necessary. (*Id.* at 2-3.) The Court made clear that, "Plaintiff does not need this Court's permission to depose the two identified nonparties." (*Id.* at 2.) The Court's Second Amended Pretrial Scheduling Order further advised the parties that "[d]isputes with regard to … discovery shall be called immediately to the Court's attention by the making of an appropriate motion." (ECF No. 142.)

Despite these directives, Plaintiff does not claim that she has ever sent a deposition notice or subpoena to any party or nonparty. Plaintiff has never filed a motion asserting that Defendant or any nonparty is obstructing her ability to conduct discovery, or presently suggest that Defendant has failed to cooperate with her attempts to take depositions in any way. Without any indication that Plaintiff has even attempted to conduct depositions, the Court cannot conclude that Plaintiff has been subjected to an unfair process. Because Plaintiff has not demonstrated good cause for a protective order, the Court grants Defendant leave to depose her, to the extent such leave is required under Rule 30(a)(2)(B).

5

**Appointment of Counsel**

Plaintiff also seeks appointment of counsel, both in addition to a protective order and in the alternative. (ECF No. 146 at 10-12.) Plaintiff argues that the Court should appoint counsel to "protect against any irrelevant issues coming to light and slipping into the trial un-objected to." (*Id.* at 11.) Plaintiff further contends that appointed counsel may help negotiate a settlement and shorten the length of trial by limiting the evidence to relevant issues (*Id.*) (citing *Knighton v. Watkins*, 616 F.2d 795, 799 (5th Cir. 1980)).

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward*, 721 F.3d at 942. Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

The Court recognizes Plaintiff's strong desire for appointment of counsel. Nonetheless, the Court cannot conclude that litigating this action will be factually or legally complex, or that Plaintiff lacks the ability to investigate the facts or present her arguments to the Court. As Plaintiff herself recognizes, this matter has survived dismissal under FRCP 12(b)(6) despite the fact that she represents herself pro se. (ECF No. 146 at 11.) Plaintiff's relative lack of understanding of the legal system and lack of access to assistance are not, alone, sufficient to warrant the appointment of counsel as these facts do not distinguish her case from the myriad other claims brought by pro se litigants. The Court denies Plaintiff's motion on these grounds.

For these reasons, **IT IS HEARBY ORDERED** that Plaintiff's Motion for a Protective Order and to Appoint Counsel (ECF No. [145]) is **DENIED.**

Dated: September 28, 2022                    /s/ Dulce J. Foster
                                             DULCE J. FOSTER
                                             U.S. Magistrate Judge