## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Eric M. Sorenson,
*also known as*, Cherrity
Honesty-Alexis Meranelli

        Ms. Meranelli,

v.

State of Minnesota, et al.,

        Defendants.

Case No. 21-cv-671 (KMM/DJF)

**REPORT AND RECOMMENDATION
AND ORDER**

This matter is before the Court on Defendants' Motion for Sanctions, to Compel Discovery, and to Modify the Scheduling Order (ECF No. 160). Defendants argue that Plaintiff Cherrity Meranelli has intentionally refused to comply with multiple aspects of the discovery process, including: failing to meaningfully respond to written discovery requests; refusing to answer questions at her own deposition; failing to comply with the Court's July 5, 2022 Order on Defendants' Motion to Compel and Modify the Scheduling Order ("July 5 Order") (ECF No. 141); and failing to comply with the Court's September 28, 2022 Order on Ms. Meranelli's Motion for a Protective Order ("September 28 Order") (ECF No. 158). (*See* ECF No. 162 ("Memorandum").)

Defendants move the Court to sanction Ms. Meranelli's conduct under Federal Rules of Civil Procedure 30(d), 37(b) and 37(d), and under the Court's inherent authority. They specifically ask the Court to impose or recommend one or more of the following sanctions: (1) dismiss the Complaint with prejudice; (2) establish certain facts adverse to Ms. Meranelli as true for purposes of this matter going forward; (3) strike Ms. Meranelli's Complaint and Amended Complaints (ECF Nos. 1, 47 and 78); and/or (4) preclude Ms. Meranelli from supporting her claims with evidence

she failed to produce in discovery. Alternatively, Defendants request an order extending all deadlines in the Second Amended Pretrial Scheduling Order (ECF No. 142) by 90 days and compelling Ms. Meranelli to again respond to Defendants' interrogatories and sit for a deposition.

Ms. Meranelli is a *pro se* incarcerated client of the Minnesota Sex Offender Program ("MSOP"), such that mailings to Ms. Meranelli may take an unusual amount of time to reach her. Defendants filed their motion over a month ago. Sufficient time has now passed to allow Ms. Meranelli a fair opportunity to receive and reply to Defendants' motion, but she has not responded to it or requested a hearing.

For the reasons set forth below, the Court finds Ms. Meranelli's written discovery and deposition conduct is sanctionable. It further holds that Ms. Meranelli responded to Interrogatory Nos. 11, 12 and 14 in bad faith and deliberately violated the July 5 Order. Notwithstanding, because there is a strong policy towards favoring a trial on the merits, Ms. Meranelli is *pro se*, and the Court imposes sanctions in this action for the first time, the Court declines to recommend the harshest sanction—dismissal—at this time. The Court warns Ms. Meranelli that if she continues to defy the Court's orders and obstruct Defendants' right to discovery, the Court may recommend the case be dismissed with prejudice.

The Court does find that lesser sanctions are warranted. "When an individual voluntarily chooses to participate in a lawsuit, [s]he takes on the obligation to provide discovery about her claim." (ECF No. 141 at 5) (quoting *Morangelli v. Chemed Corp.*, No. 10-cv-876, 2011 WL 7475, at *1 (E.D.N.Y. Jan. 1, 2011) (citing Fed. R. Civ. P. 37(d)). A plaintiff "cannot bring a lawsuit and then blatantly refuse to follow basic procedural rules or rules of discovery." *Id.* (quoting *Kent v. Office of Human Resources Manager*, No. 1:12-cv-176, 2013 WL 3730090, at *6 (W.D. Mich. July 15, 2013)). Ms. Meranelli's discovery conduct reflects a pattern of repeated refusals to answer

even the most basic questions about the factual predicate, if any, for the allegations she asserts in her pleadings.  Moreover, this pattern has persisted notwithstanding multiple Court orders warning her that she must cooperate or bear the risk of sanctions.

The lengthy rope the Court has given Ms. Meranelli to accommodate her *pro se* status is not unlimited, and that limit has now been reached.  The Court: (1) recommends that Ms. Meranelli be prohibited from supporting her claims with evidence—whether offered through documents, declarations, expert or fact witnesses, or otherwise—that Defendants solicited from her in discovery and that she did not produce; (2) orders that the fact and expert discovery deadlines are extended by 90 days for the limited purpose of allowing Defendants, if they choose, to depose Ms. Meranelli for the full time allotted by Federal Rule of Civil Procedure 30(d)(1), to request amended answers to Defendants' Interrogatory Nos. 2, 4, 7–12 and 14, to depose additional witnesses as may be warranted in light of any additional discovery obtained during the 90-day extension, and to produce expert reports; (3) orders that the non-dispositive and dispositive motions deadlines and trial ready date be extended for the same length of time; and (4) orders Ms. Meranelli to sit for her deposition and provide amended answers to Defendants' Interrogatory Nos. 2, 4, 7–12 and 14, upon Defendants' request.  The Court further notes that, pursuant to the Second Amended Pretrial Scheduling Order (ECF No. 142), the fact and expert discovery period closed October 31, 2022, such that, except as otherwise stated herein, no other discovery will be permitted.

## I.    Background

### a.  The July 5 Order on Defendants' Motion to Compel

Defendants served their First Set of Discovery Requests on Ms. Meranelli on March 7, 2022, including: fourteen interrogatories, thirteen requests for production and eight requests for admissions ("Discovery Requests") (ECF No. 132–1 at 2–12).  Defendants received

Ms. Meranelli's First Set of Discovery Responses on April 11, 2022. (*See* ECF No. 132 ¶ 3.)  Ms. Meranelli objected and refused to provide substantive responses to almost all of Defendants' interrogatories and requests for production, produced no documents, and denied or objected to each request for admission ("Discovery Responses") (*see* ECF No. 132–1 at 14–34).

Defendants concluded Ms. Meranelli's Discovery Responses were inadequate and sent Ms. Meranelli a letter on April 21, 2022 explaining what they believed were deficiencies in her responses (ECF No. 132–1 at 37–41).  In response to Defendants' deficiency letter, Ms. Meranelli participated in a series of discussions with Defendants regarding the adequacy of her Discovery Responses.  During these discussions Defendants agreed to provide Ms. Meranelli with an extension of time to respond to their written discovery requests until May 23, 2022.  Ms. Meranelli indicated she would "probably" serve amended responses but refused to identify which ones she would amend, and ultimately did not respond before the extended May 23 deadline expired. (*See* ECF No. 132 ¶¶ 5-9.)  Defendants filed a Motion to Compel Discovery and Stipulated Motion to Modify the Scheduling Order to Extend the Discovery Deadlines on May 25, 2022 (ECF No. 129).

In its July 5 Order, the Court granted Defendants' motion, ordering Ms. Meranelli to provide full and complete responses to Interrogatory Nos. 1–14 within 30 days of the Order and extending the discovery deadline by ninety days to allow for the completion of discovery.  (ECF No. 141.)  The Court explained that it would not consider or address Ms. Meranelli's boilerplate discovery objections on grounds that the requests were "vague, ambiguous, burdensome, overbroad, or possibly available from an alternative source without any further explanation as to how the raised objection is applicable to any of the specific discovery requests." (*Id.* at 6–7.)  The Court then examined whether Defendants' 14 interrogatories were relevant—ultimately holding that "Interrogatory Nos. 1–14 related directly to the allegations underlying" Ms. Meranelli's

action.  (*Id.* at 7.)  The Court further rejected all the objections Ms. Meranelli individually lodged against each interrogatory.  (*Id.* at 8–10.)  Finding that Defendants presented a threshold showing of relevance and Ms. Meranelli's objections were unfounded, and further noting that Ms. Meranelli did not file any opposition to Defendants' motion, the Court held that Ms. Meranelli "must respond to Defendants' Interrogatory Nos. 1–14."  (*Id.* at 7.)  The Court expressly warned Ms. Meranelli that "a continued failure to respond to Defendants' discovery requests, and thereby, a failure to comply with this Court's Order, could lead to Defendants moving this Court to dismiss the present case."  (*Id.* at 13 n.3.)

### b.  Defendants' Motion for Sanctions as to Written Discovery

On July 28, 2022, Defendants received Ms. Meranelli's amended written discovery responses ("Amended Discovery Responses") (ECF No. 163–1 at 1–22).  On August 2, 2022, Defendants sent Ms. Meranelli a second deficiency letter explaining why, in their view, Ms. Meranelli's Amended Discovery Responses were not compliant with the Court's July 5 Order (*Id.* at 25–30).  Defendants stated that, unless Ms. Meranelli supplemented her amended discovery responses by August 12, 2022, they would move this Court for sanctions under Rule 37(b).  (*Id.* at 25.)

Ms. Meranelli responded by letter dated August 11, 2022.  (*Id.* at 32–33.)  In her letter, Ms. Meranelli characterized Defendants' request as an attempt at "forcing [her] to lie on discovery[.]" (*Id.*)  She indicated she would provide newly amended discovery responses out of an abundance of caution, but in bold text, all caps and underlined, expressed that she would not make any further amendments to her written discovery responses.  (*Id.*)  In addition to the August 11 letter, Ms. Meranelli served Defendants with her newly amended discovery responses ("Second Amended Discovery Responses") (ECF No. 163–1 at 34–54).

In the motion currently before the Court, Defendants argue Ms. Meranelli's Second Amended Discovery Responses to Interrogatory Nos. 2, 4, 7–12 and 14 remain deficient in violation of the Court's July 5, 2022 Order, and that her continued failure to provide meaningful responses warrants sanctions. Specifically, Defendants argue Ms. Meranelli's failure to answer these questions meaningfully renders her responses non-answers under Federal Rule of Civil Procedure 37(a)(4), that her failure to comply with the Court's July 5 Order violates Rule 37(b), and that the Court should issue sanctions pursuant to Rule 37(b)(2)(A) or under its inherent authority. Alternatively, Defendants seek a compulsion order under Rule 37(a), along with a 90-day extension of all deadlines in this action.

### c. The September 28 Order on Ms. Meranelli's Motion for a Protective Order

Defendants provided Ms. Meranelli notice on September 12, 2022 of their intent to depose her on September 29 (ECF No. 163–1 at 57). On September 22, 2022, Ms. Meranelli filed a motion for a protective order ("Protective Order Motion") seeking to prevent her deposition from taking place (ECF No. 145). Federal Rule of Civil Procedure 30(a)(2)(B) requires leave of court to depose an individual who is "in prison." Ms. Meranelli argued in her Protective Order Motion that her civil detention at the MSOP Moose Lake Facility made her a "prisoner" for purposes of Rule 30(a)(2)(B), and that because Defendants did not seek the Court's leave for the deposition, she was entitled to a protective order forbidding them from taking it. (*See* ECF No. 146.) Ms. Meranelli further argued that allowing Defendants to take her deposition would be improper and prejudicial because: (1) Defendants sought to discover "irrelevant and inadmissible evidence" (*Id.* at 6–9); and (2) allowing Defendants to depose her would create "an unfair playing field" and place Ms. Meranelli on "unequal grounds with the Defendants" because she is unable to conduct depositions due to her confinement. (*Id.* at 9–10.) Defendants opposed the motion. (*See* ECF No. 156.)

The Court denied Ms. Meranelli's motion in its September 28 Order—ultimately declining to rule on whether Ms. Meranelli is a "prisoner" for purposes of Rule 30(a)(2)(B) but holding, to the extent Rule 30(a)(2)(B) required Defendants to obtain the Court's leave for Ms. Meranelli's deposition, it would *sua sponte* grant such leave. The Court reasoned that Rule 30(a)(2)(B) is not a shield detained individuals should be able to use to avoid discovery into their own claims in lawsuits they have initiated. (*Id.*)

### d. Defendants' Motion for Sanctions as to Deposition Discovery

Following the Court's September 28 Order, Defendants deposed Ms. Meranelli on September 29, 2022 ("Deposition") (*see* ECF No. 163–1 at 60–73). Ms. Meranelli appeared at the Deposition, which lasted roughly 55 minutes and ended early upon her abrupt exit. Defendants state that Ms. Meranelli repeatedly refused to provide substantive answers to the questions posed prior to her departure, and argue that she constructively failed to appear at her Deposition through her obstructionist behavior. They seek sanctions on grounds that this failure to appear was at odds with the Court's September 28 Order (*see* ECF No. 162 at 18–23). Specifically, Defendants argue that Ms. Meranelli's deposition conduct violated Federal Rules of Civil Procedure 30(c)(2) and 37(d), that her failure to comply with this Court's September 28 Order violates Rule 37(b), and that these failures warrant sanctions under Rules 30(d), 37(b) and (d) and under the Court's inherent authority.

## II. Analysis

Under Federal Rule of Civil Procedure 37(b)(2)(A), a court may issue sanctions in response to a party's failure to obey a discovery order. Such sanctions include, but are not limited to: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party

from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

To impose sanctions under Rule 37(b)(2)(A), a court first must find that a party has violated "an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)[.]" But the "culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." *Halas v. Consumer Services, Inc.*, 16 F.3d 161, 164–65 (7th Cir. 1994); *see also Societe Internationale Pour Participations Industrieles Et Commericales, S.A. v. Rogers*, 357 U.S. 197, 208 (1958) (holding that the mere failure to comply with a court order, regardless of the party's willfulness or bad faith, establishes grounds for sanctions under Rule 37(b)). Though broad, courts do not have unfettered discretion under Rule 37(b)(2)(A). A court's "discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and related to the claim at issue[.]" *Hairston v. Alert Safety Light Prods. Inc.*, 307 F.3d 717, 719 (8th Cir. 2003).

In order to impose the severest sanctions under Rule 37(b)(2)(A)—such as dismissal, a default judgment, or striking a pleading—there must be: "(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000); *Comiskey v. JFTJ Corp.*, 989 F.3d 1007, 1009 (8th Cir. 1993); *St. Louis Produce Market v. Hughes*, 735 F.3d 829, 832–833 (8th Cir. 2013). "The sanction of dismissal is among the harshest of sanctions, and there is a strong policy favoring trial

on the merits and against depriving a party of her day in court." *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (cleaned up).

A violation is "willful" if the offending party "acted intentionally as opposed to accidentally or involuntarily." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quotation omitted). "A finding of 'prejudice' under Rule 37(b) is proper if the failure to make discovery impairs an opponent's ability to determine the factual merits of a party's claim." *In re O'Brien*, 351 F.3d 832, 839 (8th Cir. 2003). Courts must consider whether "a sanction less extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith." *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014) (emphasis in original); *but see Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 2014) (requiring *both* willfulness *and* bad faith).

The bar to imposing lesser sanctions is much lower. The court's "discretion to fashion a remedy or sanction for discovery violations under Rule 37 … narrows as the severity of the sanction or remedy it elects increases." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018). An order precluding a party from presenting evidence does not require a finding of willfulness, even when the exclusion is "tantamount to dismissal". *Id.* at 705–06 n.4.

Federal Rule of Civil Procedure 30(d)(2) establishes an additional basis for sanctions arising from deposition misconduct. When "a person … impedes, delays, or frustrates the fair examination of the deponent[,]" "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by" that person. Fed. R. Civ. P. 30(d)(2). "The full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the

rule." *Korbel v. Extendicare Health Servs.*, Civil No. 13-cv-2640-SRN-SER, 2015 WL 13561194, at *10 (D. Minn. Jan. 22, 2015) (quotation omitted).

The Court also has inherent authority to issue sanctions for any conduct that "abuses the judicial process." *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, Civil No. 09-cv-1091-JNE-JSM, 2013 WL 449775, at *17 (D. Minn. Jan. 8, 2013) (citing *Chambers v. NASCO*, Inc., 501 U.S. 32, 44–45 (1991)). "A Court's inherent powers includes the discretionary 'ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Stevenson v. Union Pacific R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004) (quoting *Chambers*, 501 U.S. at 44–45). A "finding of bad faith is not always necessary to the court's exercise of its inherent power to impose sanctions." *Id.* at 745. But "[b]ecause of the potency of inherent powers, a court must exercise its inherent powers with restraint and discretion[.]" *Baycol Sterring Committee v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005). A court should "ordinarily rely on the Federal Rules rather than its inherent power" when issuing sanctions, unless "in its informed discretion the Rules are not up to the task." *Schlafly v. Eagle Forum*, 970 F.3d 924, 936 (8th Cir. 2020) (cleaned up).

## 1. Answers to Interrogatory Nos. 11, 12 and 14

Defendants contend Ms. Meranelli's Second Amended Discovery Responses to Interrogatory Nos. 11, 12 and 14 were substantively identical to those in her original Discovery Responses, which the Court previously held were deficient in its July 5 Order. Upon reviewing and comparing Ms. Meranelli's initial answers to these interrogatories with the answers provided in her Second Amended Discovery Responses, the Court agrees. The interrogatories and answers at issue are as follows:

**Interrogatory 11**

**Question**: Identify and describe any life activity that you contend has been limited in any way by your disability.

**Original Answer**: Subject to and without waiving any objection to this interrogatory, the plaintiff refers the defendants to the Amended Complaint.

**Second Amended Answer**: Without waiving any of the above objections to this Interrogatory, the Defendants may look to the complaint in this Action to achieve an additional responsive answer to this Interrogatory. Discovery is ongoing. Ms. Meranelli cannot remember any other relevant information at this time.

**Interrogatory 12**

**Question**: Identify the date on which the symptoms of your disability began.

**Original Answer**: Subject to and without waiving any objections to this interrogatory, Plaintiff refers the Defendants to the Amended Complaint.

**Second Amended Answer**: Without waiving any objections to this interrogatory, the Defendants may refer back to the information on file, including, among others, the affidavits and the complaint filed in this matter. Ms. Meranelli cannot remember any other information relevant to this request at this time.

**Interrogatory 14**

**Question**: Identify and describe all instances in which you have sought medical care or treatment for your disability.

**Original Answer**: Subject to and without waiving any objections to this interrogatory, the Plaintiff refers the Defendants to the Plaintiff's Amended Complaint filed in this Action.

**Second Amended Answer**: Without waiving the above stated objections to this interrogatory, Ms. Meranelli responds to this Interrogatory by stating that the Defendants may refer to the Complaint for an answer to this request. Ms. Meranelli cannot remember any other relevant information at this time.

(ECF No. 132-1 at 22-25; ECF No. 163-1 at 44-46.)  In each case, Ms. Meranelli repeated her previous answer by pointing to her pleadings and added only the claim that she "cannot remember any other relevant information at this time."  The Court previously warned Ms. Meranelli that she must do more than point to her pleadings and is dubious of Ms. Meranelli's assertion that she cannot recall anything at all in response to these questions.  In any event, to the extent Ms. Meranelli "cannot remember" the answers to the questions posed, she had an obligation to conduct a diligent search for information in an effort to answer them as completely as possible. *See Schwan's Co. et al. v. Cai et al.*, Case No. 20-cv-2157 (JRT/HB), 2022 WL 610966, *3 (D. Minn. Feb. 21, 2022) ("While the Court recognizes that [the respondent] may not have all of the

information requested … he must answer the interrogatory, under oath, with as much information and detail as he can remember or find through a diligent search. If there is information that, despite a diligent search, he cannot find or remember, he must clearly say so."). Because Ms. Meranelli has not even attempted to provide substantive information in response to these interrogatories, the Court concludes that her answers are so deficient and evasive as to constitute a failure to answer. *See* Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond"); *see also United States v. $ 284,950.000 in U.S. Currency*, 933 F.3d 971, 974 (8th Cir. 2019). Moreover, because she repeats the same deficiencies that the Court previously directed her to rectify in its July 5 Order, the deficiencies appear to be willful and in bad faith.

### 2. Answers to Interrogatory Nos. 2, 4 and 7–10

Defendants argue Ms. Meranelli's answers to Interrogatory Nos. 2, 4 and 7–10 are incomplete, evasive, and violate the Court's July 5 Order. The Court compares Ms. Meranelli's initial answers to Interrogatory Nos. 2, 4 and 7–10 against the answers provided in her Second Amended Discovery Responses and agrees. The interrogatories and answers at issue are as follows:

**Interrogatory No. 2**

**Question**: If any of your answers to Defendants' requests for admission are anything other than unqualified admissions, describe all facts supporting each answer that is not an unqualified admission.

**Original Answer:**[1]

**Second Amended Answer**: Without waiving any of the objections to this Interrogatory, Ms. Meranelli provides that she has spoken to the Defendants on multiple occasions in regards to her disability alleged in the Complaint and has remained ignored in all attempts by the Defendants. Also, she did not decide to not attend her annual health review in health services however the Defendants did not notify her that her annual health review was to be

---

[1] Ms. Meranelli's initial discovery responses proffered only objections to certain interrogatories without answering them.

had.  Other than the information provided in this interrogatory, Ms. Meranelli has no further answers at this time.  Discovery is ongoing.

(ECF No. 132-1 at 17-18; 163-1 at 38-39.)  Ms. Meranelli denied as untrue all eight requests for admissions in both her original Discovery Responses and Second Amended Discovery Responses (ECF No. 163-1 at 51-54), but her Second Amended Answer to this interrogatory only addresses Request for Admission No. 7 ("Admit that you declined to attend your most recent annual physical examination offered by MSOP").  She makes no attempt to describe any facts supporting her denials with respect to any of the other admission requests.  For example, Ms. Meranelli denied Request for Admission No. 1, which asked her to "Admit that you never had any communication before September 6, 2020, with any DHS employee or official, related to your disability."  (ECF No. 163-1 at 51.)  A complete answer to Interrogatory No. 2 would have identified the DHS employee with whom she purportedly communicated about her alleged disability and described what was said.  Ms. Meranelli's failure to provide a complete answer to this interrogatory deprives Defendants of potentially critical information regarding the identity of key witnesses concerning her claims.  Her failure to detail any facts supporting the other denials also hamstrings the defense in a similarly prejudicial manner.

### Interrogatory No. 4

**Question**: Identify and describe in detail each communication—whether oral, in writing, or electronic—that you have ever had with any defendant, or any DHS employee or official, related to any of the allegations made in your complaint.

**Original Answer**: Subject to and without waiving any objections to this interrogatory, Ms. Meranelli affirmatively states that she has provided the Defendants with unassailable proof that the Ms. Meranelli is disabled and have informed other people as well. Discovery is ongoing.

**Second Amended Answer**: Without waiving any objections to this interrogatory, to provide a reasonable recap of the conversations provided with Defendant, Ms. Meranelli has brought up the subject of her disability on multiple occasions with the Defendants, including but not limited to, when Ms. Meranelli placed the request for reasonable accommodations. However, discovery is still ongoing.  Other than the information

provided this request reaches to[o] far back for Ms. Meranelli to remember at this time. Discovery is ongoing.

(ECF No. 132-1 at 18-19; 163-1 at 40.)  This answer is incomplete at best.  It does not identify when the alleged request for "reasonable accommodations" took place or to whom the request allegedly was made.  It further fails to detail the substance of the alleged communications or to describe any other occasions on which she communicated with DHS employees about her alleged disability.

### Interrogatory No. 7

**Question**: Identify any person with knowledge of your disability, including but not limited to any health care provider with knowledge of your disability, and for each describe the nature and extent of their knowledge.

**Original Answer**:

**Second Amended Answer**: This question is too expansive for Ms. Meranelli to remember at this time.  Discovery is ongoing.

(ECF No. 132-1 at 20; 163-1 at 41-42.)  This answer is so woefully deficient as to amount to a non-answer.  Although Ms. Meranelli cannot reasonably be held to account for every individual who might possibly have knowledge about her condition, she has not even attempted to identify a single person who can testify in support of her claim that she is disabled.

### Interrogatory No. 8

**Question**: Identify any person with knowledge regarding any limit to your major life activities you have experienced as a result of your disability, and for each describe the nature and extent of their knowledge.

**Original Answer**:

**Second Amended Answer**: This question is too expansive for Ms. Meranelli to remember at this time.  Discovery is ongoing.

(ECF No. 132-1 at 20-21; 163-1 at 42-43.)  This answer is similarly deficient.  Ms. Meranelli's failure to identify any witness with knowledge of the impact of her alleged disability on her major life activities is either willfully evasive or an indication that no such witnesses exist.

**Interrogatory No. 9**

**Question**: Identify any person with knowledge regarding your request for accommodation and Defendants' response thereto, as describe in your complaint, and for each describe the nature and extent of their knowledge.

**Original Answer**:

**Second Amended Answer**: This question is too expansive for Ms. Meranelli to remember. Discovery is ongoing.

(ECF No. 132-1 at 21; 163-1 at 43.)  This answer also amounts to a non-answer, as she has

not even attempted to answer the question asked.  Her refusal to answer this question is particularly

striking since it seeks witnesses with knowledge concerning the core of her claim that Defendants

refused her reasonable accommodation for her alleged disability.

**Interrogatory No. 10**

**Question**: Identify and describe all requested accommodations relating to your disability that you contend were not provided.

**Original Answer**: Subject to and without waving any objections to this interrogatory, Ms. Meranelli refers the Defendant to the Amended Complaint on File. Also Ms. Meranelli affirmatively states that she has requested multiple reasonable accommodations for her disability, which include, among others, the request to leave programming to use the restroom after having the unforeseen and sudden urge to use the restroom while also being able to return to the group/programming after using the restroom.

**Second Amended Answer**: Without waiving any objections to this Interrogatory, Ms. Meranelli has requested multiple accommodations that she was not provided by MSOP/DHS staff. There is too many to recall at this point as it has been over the course of ten years that such requests have been made.

(ECF No. 132-1 at 22; 163-1 at 43-44.)  Although Ms. Meranelli's original answer to this

interrogatory provided at least one concrete example of the manner in which she claims she

requested accommodation for her alleged disability, her Second Amended Answer amounts to a

non-answer.

In each of her Second Amended Answers to interrogatories, Ms. Meranelli appears to take

the position that because she cannot remember every single piece of information the question

requests, she can refuse to provide any information at all.  This is not only wrong; it is inconsistent

with the Court's July 5 Order that she must fully respond to Interrogatory Nos. 1–14. For each of these interrogatories, Ms. Meranelli should have described, to the best of her ability and the fullest extent possible, every relevant piece of information or communication she could recall. *See* 2 Moore's Federal Prac. And Prod. § 15.25 ("A sufficient answer [to an interrogatory] generally requires a conscientious and good faith effort to comprehend the question and answer it explicitly …. If a party is unable to reply because it lacks knowledge or information, the party may not simply refuse to answer. Rather, the party must … disclose any information the party does have, and set forth specific efforts made to obtain the rest of the information."). Instead, Ms. Meranelli claimed to have no information at all and failed to explain any efforts she may have made to obtain information she could not recall. The Court finds these answers to be so willfully deficient and evasive in light of the July 5 Order as to warrant sanctions under Rule 37(b).

### 3. Deposition Conduct

Defendants argue Ms. Meranelli's deposition conduct violated Federal Rules of Civil Procedure 30(c)(2) and 37(d), and that her failure to comply with the Court's September 28 Order violated Rule 37(b). The Court agrees that Ms. Meranelli's conduct violated Rule 30(c)(2) and merits sanctions under Rule 30(d)(2). The Court finds, however, that Ms. Meranelli's deposition conduct is not sanctionable under Rules 37(b) and (d).

Under Federal Rule of Civil Procedure 30(c)(2), objections to depositions "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Such objections "must be stated concisely in a nonargumentative and nonsuggestive manner." Only "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)[,]" may a party refuse to answer a deposition question after raising an objection. *Id.* When "a person … impedes, delays, or frustrates the fair examination of

16

the deponent" "[t]he court may impose an appropriate sanction[.]"  Fed. R. Civ. P. 30(d)(2).  The advisory committee's comments to Rule 30(d) explain that sanctions may be available when a party refuses to answer questions without a basis in Rule 30(d)(3) or raises "an excessive number of unnecessary objections" at their deposition.  *Id.*, advisory committee notes (1993 amendments); *Security Nat'l Bank of Sioux City, IA v. Day*, 800 F.3d 936, 942 (8th Cir. 2015).

Throughout her September 29, 2002 Deposition, Ms. Meranelli was evasive and argumentative, repeatedly raised frivolous objections, and entirely refused to answer almost all of Defendants' questions.  (*See* ECF No. 163-1 at 61-73.)  For example, Ms. Meranelli repeatedly refused to state whether she would answer the questions truthfully, instead responding evasively that she would answer "to the best of her knowledge" and then refusing to clarify whether she would answer truthfully on grounds the question had been "asked and answered."  (ECF No. 163-1 at 65.)

Ms. Meranelli similarly refused to answer even the most basic questions about her place of residence, as illustrated by this exchange:

> Q.    You currently reside at the MSOP facility in Moose Lake; is that correct?
> A.    Refuse to answer based on the matter is public record.
> Q.    Okay. Have you been housed at Moose Lake throughout your civil commitment?
> A.    Again, relevance.
> Q.    Are you refusing to answer—
> A.    I'm refusing to answer based on relevance.
> Q.    I'm sorry, I'll break that up. Are you refusing to provide an answer to the question of have you been housed at Moose Lake throughout your civil commitment?
> A.    Refuse to answer based on relevance.

(ECF No. 163-1 at 68.)  A boilerplate relevance objection is not grounds for refusing to answer a question at a deposition.  *See* Fed. R. Civ. P. 30(c)(2).  Indeed, the July 5 Order explained to Ms. Meranelli that "routine, '[b]oilerplate objections, without more specific explanations for any refusal to provide information, are not consistent with the Federal Rules of Civil Procedure.'"

(quoting *In re: RFC & ResCap Liquidating Trust Litig.*, No. 13-cv-3451-SRN-JJK-HB, 2015 WL 12778780, at *6 (D. Minn. June 8, 2015) (citation omitted)).

Ms. Meranelli's deposition ended after 55 minutes of combative, non-responsive exchanges when she walked out:

> Q.    What's a typical day like for you?
> A.    Refuse to answer based on relevance.  You know what Ms. Anderson?  We're done. I'm calling this deposition, we're done.  You don't have any relevant answers to the questions for me, we're done.  I'm leaving, bye.
> MS. ANDERSON:  All right.  For the record, Ms. Meranelli has apparently now walked out of the room.

(ECF No. 163-1 at 68.)  Ms. Meranelli's abrupt departure and the evasive and incomplete answers she provided throughout her Deposition testimony frustrated Defendants' attempts to fairly examine her.  This significant obstruction of the discovery process establishes grounds for sanctions under Rule 30(d)(2).

The Court will not hold that Ms. Meranelli's conduct warrants sanctions under Rule 37(b) on grounds that she violated the Court's September 28 Order, however.  During the Deposition, Defense counsel noted that the Court's order had been filed the previous evening, acknowledged that Ms. Meranelli may not have had a lot of time with it, and offered to give her more time to review it.  (*Id.* at 64.)  But Defense counsel began questioning Ms. Meranelli after ten minutes, despite the fact that Ms. Meranelli plainly asked for more time to review the Court's Order.  (*Id.* at 14, "Ms. Anderson, I am not done reading the Order that you asked me to read. Will you please be patient and allow me to read this Order?").

As the Court had issued its September 28 Order less than 24 hours before the Deposition, and Ms. Meranelli is a *pro se* detained litigant, it will not assume she was on notice that the Court had rejected her objections to the Deposition.  The Court similarly will not assume she was aware that under the applicable Rules, a deponent must answer the questions asked notwithstanding any

objections (Fed. R. Civ. P. 30(C)(2)), and must sit for her deposition for up to seven hours unless otherwise stipulated or ordered by the Court (Fed. R. Civ. P. 30(d)(1)).[2]  For these reasons the Court will not impose sanctions in response to Ms. Meranelli's deposition conduct under Rule 37(b) at this time.

Defendants also argue that the totality of Ms. Meranelli's Deposition conduct constitutes a "constructive" failure to appear for purposes of Federal Rule of Civil Procedure 37(d).  Rule 37(d) allows courts to order sanctions if "a party… fails, after being served with proper notice, to appear for [a] deposition[.]" *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994), forecloses Defendants' argument:

> Other circuits have held that a refusal to answer questions or participate [in a deposition] does not constitute a 'failure to appear.' *See R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15, 19 (1st Cir.1991); *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1228 (7th Cir.1983); *SEC v. Research Automation Corp.*, 521 F.2d 585, 588–89 (2d Cir.1975) (finding Rule 37(d) an inappropriate basis for sanctions when deponent was physically present but refused to be sworn or testify). We agree with our sister circuits that Rule 37(d) should be strictly construed[.]

Rule 37(d) thus applies only "to a failure to appear at a deposition, as opposed to not answering questions." *Klein v. Affiliated Group, Inc.*, Civil No. 18-cv-949-DWF-ECW, 2019 WL 246768, at *12 (D. Minn. Jan. 17, 2019); *see also AGinformationData, LLC v. Integrated Solutions Group, Inc.*, Civil No. 11-cv-3673-DWF-JSM, 2014 WL 12610208, at *11 n.5 (D. Minn. March 20, 2011); *Quinstar Corp. v. Anthony*, Civil No. 15-cv-2343-PAM-BRT, 2019 WL 3819705, at *5 (D. Minn. Aug. 14, 2019).  The Court accordingly declines to apply sanctions under Rule 37(d).

---

[2] Upon receipt and review of this Order, Ms. Meranelli will be on notice of these Rules, and any future attempts to obstruct her deposition in the same manner may be deemed a direct and willful violation of the Court's directives.

### 4.  Applicable Sanctions

Although the Court could recommend dismissal of this case based on the above finding that she violated the Court's July 5 Order willfully and in bad faith, *see Comstock*, 775 F.3d at 992, it declines to do so at this juncture.  Instead, in light of the strong policy in favor of trial on the merits, *see Bergstron*, 744 F.3d 571 at 576, because Ms. Meranelli is a *pro se* litigant, and because this is the first instance in which the Court is awarding sanctions, the Court finds less draconian sanctions are more appropriate.  Specifically, the Court recommends that Ms. Meranelli be precluded from offering any evidence in support of her claims that Defendants attempted to solicit from her and that she failed to produce in discovery, including evidence offered in her own testimony or that of other witnesses whom she might otherwise call to testify on her behalf, as well as any documents or other information requested but not produced.  *See* Fed. R. Civ. P. 37(b)(2)(ii).

In addition, the Court grants Defendants a 90-day extension of time to conduct discovery, during which Defendants may—at their option—request that Ms. Meranelli provide complete and comprehensive amended answers to Interrogatory Nos. 2, 4, and 7-12.  To the extent Defendants make any such requests, the Court orders Ms. Meranelli to conduct a reasonable investigation of the facts and to answer the interrogatories as truthfully and completely as possible.  Ms. Meranelli's inability to answer any part of an interrogatory shall not excuse her from answering to the extent she has responsive information.  The Court further orders Ms. Meranelli to sit for another deposition of up to seven hours in length if Defendants request that she do so.  Objections on grounds of lack of relevance, that the answer is within Defendants' knowledge, or that the information requested is part of the public record shall not be a basis for refusing to answer any deposition question.  Defendants also may pursue any third-party discovery warranted in light of additional discovery obtained from Ms. Meranelli during the extended discovery period and may

20

produce expert reports.  No other discovery during this period shall be permitted.  In the event that Defendants choose this option and reopen discovery, however, the above-recommended sanction would not preclude Ms. Meranelli from offering into evidence any additional information she might produce in response to Defendants' renewed discovery requests during the extended discovery period.

Finally, the Court cautions Ms. Meranelli that that significant latitude it has provided her in light of her *pro se* status has limits.  Any continuing attempts to obstruct the discovery process are likely to result in more severe sanctions, up to and include a recommendation that this case be **dismissed with prejudice**.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Defendant's motion for discovery sanctions (ECF. No. [160]) be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff is precluded from offering into evidence any information in support of her claims that Defendants solicited from her and that she failed to produce in discovery;

2. Defendants' motion to dismiss this case with prejudice is **DENIED**;

3. Defendants' motion to strike Plaintiff's Complaint and Amended Complaints is **DENIED;** and

4. Defendant's request for findings of fact is **DENIED**.

21

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Defendants' motions to compel discovery and to modify the Scheduling Order (ECF No. [160]) are **GRANTED** as follows:

1.  The fact and expert discovery deadlines under the Second Amended Pretrial Schedule (ECF No. [142]) are extended until **February 21, 2023** for limited discovery as follows:

    i.   Defendants may seek amended answers to Defendants' Interrogatory Nos. 2, 4 and 7–12;

    ii.  Defendants may depose Plaintiff for a period of up to seven hours;

    iii. Defendants may subpoena third-party witnesses for documents or deposition testimony in response to new information obtained during the 90-day extension and may identify experts and produce expert reports.

2.  The fact and expert discovery period, which closed October 31, 2022, shall remain closed for all purposes except as set forth in Paragraph 1 above, unless otherwise ordered by the Court.

3.  Plaintiff is ordered to amend her responses to Interrogatory Nos. 2, 4, 7–12 and 14 to provide complete and truthful responses within 20 days of receipt of any request for amendment from Defendants.

4.  Plaintiff is ordered to appear for her deposition upon receipt of a deposition notice from Defendants, and to provide complete and truthful responses to the deposition questions for a period of up to seven hours at the time and place noticed.

5.      The motions deadlines and trial ready date are extended as follows:

    i.   Non-dispositive motions shall be due **February 28, 2023.**

    ii.  Dispositive motions shall be due **March 31, 2023**.

    iii. This case shall be ready for trial on **July 31, 2023**.

6.      All other deadlines set forth in the Second Amended Pretrial Scheduling Order (ECF No. [142]) shall remain in full force and effect.

Dated: November 21, 2022             *s/ Dulce J. Foster*          
                                      DULCE J. FOSTER
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).