UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric M. Sorenson, *also known as*, Cherrity Honesty-Alexis Meranelli,<br><br>    Plaintiff,<br><br>v.<br><br>State of Minensota, et al.,<br><br>    Defendants. | No. 21-cv-671 (KMM/DJF)<br><br>**ORDER** |

On October 11, 2022, the Defendants filed a motion for discovery sanctions, to compel discovery, and to modify the scheduling order. [Dkt. 160.] The Plaintiff, Cherrity Honesty-Alexis Meranelli, did not respond to the motion. On November 21, 2022, Magistrate Judge Dulce Foster issued a Report and Recommendation and Order, which among other things, recommended granting the Defendants' motion for sanctions, in part, based on Ms. Meranelli's willful failure to comply with discovery obligations. [Dkt. 167.] Ms. Meranelli did not file timely objections to the Report and Recommendation, and this Court issued an Order finding no error with Judge Foster's proposed findings and conclusions and accepting the recommended disposition of the Defendants' motion. [Dkt. 169.]

On February 16, 2023, Ms. Meranelli filed a "Motion for Leave to File Response to Defendants' Motion for Sanctions, to Compel Discovery, and to Modify Scheduling Order Out of Time and Notice." [Dkt. 170.] Although the time has passed for filing a response,

and indeed despite the fact that the motion at issue has been addressed by two separate decisions from the Court, Ms. Meranelli seeks permission to file her response now because she was suffering from COVID-19 and had been placed in isolation. [Dkt. 171 at 2–3.] Ms. Meranelli suggests that considering her response would allow the Court "to make a better informed decision in considering both . . . sides" and argues that her status as a *pro se* litigant should weigh in favor of allowing her to submit such a response. [*Id.* at 3–4.] Finally, Ms. Meranelli contends that granting her request would not be prejudicial to the Defendants. [*Id.* at 4–5.]

Ms. Meranelli's motion is denied. Although styled as a request to simply file an untimely brief, implicit in her request is that the Court should vacate its decision on the Defendants' motion for sanctions and reconsider its previous ruling. Motions for reconsideration are permitted only for "correcting manifest errors of law or fact or presenting newly discovered evidence." *Fredin v. Halberg Criminal Defense*, Case No. 19-cv-3068 (SRN/HB), 2020 WL 2813281, at *1 (D. Minn. May 29, 2020) (cleaned up). Nothing in the Plaintiff's motion and supporting documents presents compelling circumstances that would justify such reconsideration.

Further, Ms. Meranelli had options available to her aside from asking to file a response several months late. The Court does not diminish the reality that symptoms associated with the illness caused by the COVID-19 virus can interfere with the ability to meet court deadlines, and this is certainly true for those who are held in custodial settings such as prisons or involuntary civil commitments, like Ms. Meranelli. However, Plaintiff's motion does not explain how her illness or her isolation status prevented her from writing

to the Court to request additional time to respond after she was served with the Defendants' motion. This is true even though Judge Foster's decision was not issued until more than a month after the Defendants' motion was filed. Nor does Ms. Meranelli identify any reason why she could not have filed any objections to the Report and Recommendation, or a request for additional time, in the nearly two months between that decision and this Court's Order adopting it.

Finally, the Court disagrees with Ms. Meranelli's contention that it would not be prejudicial to the Defendants to allow her to file an untimely response and functionally vacate the decision on the Defendants' motion for sanctions. The Order precludes Ms. Meranelli from offering into evidence any information in support of her claims that Defendants sought from her, but that she failed to produce in discovery. This means that the evidentiary record the Defendants must address in seeking summary judgment on Ms. Meranelli's claims is significantly circumscribed as a result of the discovery sanctions found appropriate by the Court. To reopen that evidentiary record would upset the Defendants' justified expectations that have been established by the Court's decisions and do so on the eve of the deadline for summary judgment motions. This would necessarily require reworking the entire scheduling order and unjustifiably prolong this litigation.

Accordingly, **IT IS HEREBY ORDERED THAT** Ms. Meranelli's Motion for Leave to File Response to Defendants' Motion for Sanctions, to Compel Discovery, and to Modify Scheduling Order Out of Time and Notice [Dkt. 170] is **DENIED**.

Date: **February 27, 2023**       *s/ Katherine M. Menendez*
    Katherine M. Menendez
    United States District Judge