UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric M. Sorenson, *also known as*, Cherrity Honesty-Alexis Meranelli, | No. 21-cv-671 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Minnesota, et al., | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Dulce J. Foster, dated November 20, 2023. [R&R, Doc. 208.] Judge Foster recommends that the Court grant the Defendants' motion for summary judgment and deny the Plaintiff's[1] motion for voluntary dismissal without prejudice. Ms. Meranelli filed objections to the R&R and the Defendants' responded. [Pl.'s Obj., Doc. 209.] For the reasons that follow, Ms. Meranelli's objections are overruled, the Court accepts the R&R, grants the Defendants' motion for summary judgment, and dismisses Ms. Meranelli's claims with prejudice.

---

[1] The Plaintiff in this case is identified by two names—Eric Sorenson, also known as Cherrity Honesty-Alexis Meranelli. In the Plaintiff's most recent filing at docket entry 209, dated November 29, 2023, Plaintiff signed as both Eric M. Sorenson and Cherrity H. Meranelli. It remains this Court's understanding that the Plaintiff uses feminine pronouns and that Cherrity Meranelli is Plaintiff's preferred name. Therefore, consistent with the approach taken throughout this litigation, the Court will refer to the Plaintiff as "Ms. Meranelli" or "Plaintiff" and use feminine pronouns in this Order.

**I.     Background**[2]

In February 2001, Ms. Meranelli was diagnosed with numerous gallstones and had surgery in March 2001 to remove her gallbladder. One side-effect of the surgery, she alleges, is that she experiences bowel incontinence, causing her to need access to a restroom more frequently and unpredictably than the average person or even a person with irritable bowel syndrome.

Since approximately 2010, Ms. Meranelli has been detained under an order of civil commitment at the Minnesota Sex Offender Program's facility in Moose Lake, Minnesota ("MSOP"). As part of her treatment in that facility, she participates in voluntary group therapy. Participation in group therapy is one of the ways individuals who are civilly committed at MSOP can advance through the phases of their treatment, a fundamental goal of MSOP and, presumably, a prerequisite for a person subject to indefinite commitment eventually qualifying for release back into the community.

MSOP does not have a facility-wide policy concerning bathroom breaks for those who participate in group therapy. For example, there is no official policy that detainees who leave group therapy to go to the restroom cannot return to their group sessions. But the two therapists who facilitate Ms. Meranelli's "core group" therapy programming

---

[2] Plaintiff's Objections to the R&R focus mainly on the rationale for Judge Foster's recommendation that her motion to voluntarily dismiss this case without prejudice be denied. Plaintiff also objects to the recommendation that the Defendants' motion for summary judgment be granted, but with one notable exception addressed toward the end of this Order, even when liberally construed, her Objections do not contest Judge Foster's proposed findings of fact that support the summary judgment finding. The Court has reviewed the record and determined that there is no error in Judge Foster's factual determinations. Therefore, this Court accepts the R&R's recitation of the facts. This background section provides only a brief summary of the dispute.

asked any group members who chose to leave a session not to return until the next scheduled session. They instituted this approach because participants coming and going from group therapy sessions is distracting and counter-productive to the programming goals. Nevertheless, the facilitators agreed that if a group participant provided documentation of a reason the participant needs to leave a session, they would allow them to leave and then return.

In September 2020, because Ms. Meranelli alleged that her gallbladder surgery from March 2001 caused her to have bowel incontinence, she sought an accommodation from her group therapy facilitators that would allow her to leave group therapy sessions, use the restroom, and then return to the same session. After reviewing the paperwork Ms. Meranelli submitted in support of her request, a Registered Nurse Practitioner denied it. Ms. Meranelli appealed that decision to the Minnesota Department of Human Services ("DHS"). The Americans with Disabilities Act ("ADA") Coordinator for DHS denied the appeal. Both the original denial and the rejection of the appeal concluded that there was insufficient documentation of Plaintiff's claimed impairments. Specifically, the ADA Coordinator found that although Ms. Meranelli's health condition was limiting, it was not "substantially limiting" within the meaning of the ADA, so she was not a qualified individual with a disability.

*Procedural History*

After her appeal was denied, Ms. Meranelli filed this lawsuit on March 8, 2021. The District Court entered a partial order of dismissal [Doc. 44],[3] and following an amendment of the pleadings, the claims remaining in this action include disability discrimination claims under the ADA, the Rehabilitation Act ("RA"), and the Minnesota Human Rights Act ("MHRA"); and inadequate medical care and impermissible punishment claims under 42 U.S.C. § 1983.

Defendants sought written discovery from Plaintiff in March 2022. Plaintiff responded and, dissatisfied with the information Plaintiff provided, Defendants filed a motion to compel. Ms. Meranelli did not file a written response to the motion to compel, and United States Magistrate Leo I. Brisbois granted that motion on July 5, 2022.[4] Judge Brisbois found that Defendants sought relevant information directly related to the allegations underlying Ms. Meranelli's claims, including information about the persons with whom she had communicated regarding her alleged disability; identification of communications she had with any employee of DHS or MSOP regarding the subject matter of the action; the identity of any expert and fact witnesses; and details regarding the symptoms she experienced. Judge Brisbois ordered Ms. Meranelli to provide substantive responses to the Defendants' discovery within 30 days, cautioned that failure

---

[3] This case was originally assigned to United States District Judge Nancy E. Brasel but was later reassigned to this Court. [Doc. 92]

[4] Until September 14, 2022, Judge Brisbois was Magistrate Judge assigned to this case. The case was reassigned to Judge Foster upon her appointment. [Doc. 144.]

4

to respond could result in sanctions, and modified the scheduling order to allow additional time for the Defendants to learn more about the basis for Plaintiff's claims.

Ms. Meranelli provided supplemental discovery responses in July and August of 2022, but the Defendants believed that those responses were still deficient. As a result, the Defendants filed a motion for sanctions. Ms. Meranelli did not respond to that motion, and Judge Foster recommended that Defendants' motion for sanctions be granted in part. Specifically, she found that Plaintiff should be precluded from offering any evidence on a motion or at trial that she withheld from Defendants during discovery. [Doc. 167.] Plaintiff did not object to that recommendation, and this Court entered an Order precluding Ms. Meranelli "from offering into evidence any information in support of her claims that Defendants solicited from her and that she failed to produce in discovery." [Doc. 169.]

Ms. Meranelli subsequently sought leave to file an untimely response to the motion for sanctions and the Defendants' motion to compel discovery. [Doc. 170.] This Court denied that motion, finding that Ms. Meranelli had essentially asked the Court to reconsider and vacate its Order adopting Judge Foster's Report and Recommendation on the sanctions motion without providing justification for seeking such relief. The Court also found that granting Ms. Meranelli's requested relief would be unfairly prejudicial to the Defendants. [Doc. 178.] Next, Ms. Meranelli filed untimely objections to Judge Foster's Report and Recommendation on the sanctions motion, essentially seeking the same relief she requested in her untimely responses to the motions for sanctions and

to compel. [Doc. 181.] This Court again denied her requested relief as an unsupported attempt at obtaining reconsideration of the Court's prior rulings. [Doc. 199.]

On March 29, 2023, Defendants filed their motion for summary judgment. [Doc. 183.] Ms. Meranelli did not respond to the motion, and several months passed without any filing from her. On August 3, 2023, she filed a motion asking the Court to allow her to voluntarily dismiss this action without prejudice. She stated that she wished to dismiss the case to pursue a settlement with Defendants, but maintain the ability to bring her claims again in a second action if she was unsatisfied with the results of the anticipated negotiations. Ms. Meranelli argued that she had only recently become aware of a procedure by which she could obtain bathroom passes that might obviate the need for her to obtain an ADA accommodation. She also argued that such a dismissal would not prejudice Defendants, and the fact that Defendants had expended resources on this case was not a sufficient basis to deny her request. [Docs. 200, 201.] As mentioned above, Judge Foster found that Ms. Meranelli's motion for voluntary dismissal should be denied and Defendants' motion for summary judgment should be granted. Ms. Meranelli objects to both recommendations.

**II.   Discussion**

When a party raises specific objections to a portion of an R&R, the Court reviews those portions of the R&R *de novo* and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Otherwise, the Court reviews an R&R to which no objections are made, non-specific objections, and objections that simply restate

6

arguments already considered by the magistrate judge for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. Mar. 30, 2015). The Court liberally interprets a *pro se* party's objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

### A. Plaintiff's Motion for Voluntary Dismissal Without Prejudice

Ms. Meranelli filed her motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a)(2). District courts have discretion to grant or deny such a request. *Thatcher v. Hannover Ins. Grp., Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011). In exercising that discretion, courts consider a variety of factors, including: the explanation for the moving party's request to dismiss; whether allowing dismissal would waste judicial time and effort; whether dismissal would prejudice the defendants; the stage of the litigation; and the time and effort the parties have expended. *Id.*; *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013); *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984). A plaintiff is not allowed to dismiss a case merely to avoid an unfavorable decision. *Thatcher*, 659 F.3d at 1214–15 (reversing district court decision granting plaintiff's motion to voluntarily dismiss and remanding with instructions to consider whether the plaintiff's motion was an improper effort at avoiding an unfavorable federal forum).

Judge Foster found that the relevant factors weighed against granting Plaintiff's request because (1) the parties, especially Defendants, had already expended considerable resources and should not be required to do so again; (2) Defendants' factual and legal

positions in a subsequent suit would be disadvantaged because they would be denied the benefit of the discovery sanctions they obtained in this action, or be forced to go through the same discovery fights again if the case were refiled; (3) allowing a future suit over the same claims would waste the Court's resources and likely result in extensive motion practice; and (4) Plaintiff's asserted reasons for dismissal are unpersuasive. Ms. Meranelli has objected to these conclusions.

First, Ms. Meranelli objects to Judge Foster's finding that allowing a possible future lawsuit in this case would be prejudicial to Defendants and specifically argues that the R&R incorrectly concludes that the "threat of a future lawsuit based upon a voluntary dismissal" is not the kind of prejudice that justifies denying her motion. [Pl.'s Obj. at 3–4.] In support of this argument, Ms. Meranelli cites *Mullen v. Heinkel Filtering Sys.*, 770 F.3d 724, 729 (8th Cir. 2014). This Objection is overruled. For starters, Judge Foster did not conclude that the threat of a future lawsuit alone was sufficiently prejudicial to deny Ms. Meranelli's request. Such a suggestion misconstrues Judge Foster's analysis and provides no basis for rejecting the R&R.

Moreover, *Mullen* does not support Ms. Meranelli's argument. In *Mullen*, the Eighth Circuit affirmed a district court's order granting a motion allowing a plaintiff to voluntarily dismiss a case without prejudice. *Id.* at 727–29. But the court reached that conclusion because "the case had not progressed very far," there had only been two hearings on discovery disputes, and even though the magistrate judge had denied the plaintiffs the opportunity to extend the expert deadline, the reason for the dismissal was to allow the plaintiffs to pursue their "legally viable claim" against a corporation over

8

which the district court lacked subject matter jurisdiction. *Id.* The circumstances of this case are not remotely comparable. Unlike the proceeding in *Mullen*, this case *has* progressed to the point where a decision on the merits is at hand. In addition, the expenditure of resources by the parties and the Court has been considerable, and the basis for which Ms. Meranelli seeks a dismissal is, by her own admission, to attempt to extract a settlement from the Defendants from a stronger tactical position than if the threat of a second suit regarding the same claims were not on the table. [R&R at 10 (citing Plaintiff's reply in support of the motion to dismiss, which discusses the motivation to avoid a decision on the summary judgment motion while "holding the feet of the Defendants to the flame. . . .").]

Second, Ms. Meranelli argues that Judge Foster erred by considering how granting the motion to dismiss would potentially allow Plaintiff to gain a tactical advantage by circumventing the effects of the sanctions order and by forcing Defendants to undergo significant fights over discovery in a future lawsuit. Again, relying on *Mullen*, Ms. Meranelli argues that Defendants' loss of a tactical advantage is insufficient prejudice to justify denial of her motion. [Pl. Obj. at 4.] This Objection is overruled. In *Mullen*, the plaintiffs were allowed to voluntarily dismiss their action after the magistrate judge had denied their motion to extend the expert deadline. On appeal, the Eighth Circuit found that the loss of such a "tactical advantage" did not constitute legal prejudice that would justify denying the plaintiffs' request. 770 F.3d at 728 (citing *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979) (per curiam)). But the consequences here are qualitatively different than a mere tactical procedural advantage that is generally

9

insufficient to show legal prejudice. *E.g.*, *Hoffman*, 596 F.2d at 823 (finding that after the district court had denied the plaintiff's request for a jury trial as untimely, the possibility the plaintiff could assert a timely demand for a jury trial in a subsequent suit was a "tactical advantage" that alone was not enough to justify denial of voluntary dismissal). Granting Plaintiff's motion under the circumstances of this case would allow her to escape the consequences of her own litigation conduct, subject the Defendants to the threat of a future suit which could impose far more than the ordinary burdens associated with discovery and typical litigation costs, and do so primarily so that Plaintiff could avoid the possibility of an adverse ruling on the Defendants' pending summary judgment motion.

Ms. Meranelli's next two Objections argue that Judge Foster improperly found that voluntary dismissal was unwarranted because she considered the costs and expenses Defendants had incurred in discovery and the judicial resources expended during this litigation. [Pl.'s Obj. at 5.] Because these factors are relevant to the determination and Judge Foster thoroughly and accurately assessed how they weighed into the analysis, these Objections are likewise overruled.[5] Plaintiff's suggestion that these are not proper considerations is not supported by the case law.

Finally, Ms. Meranelli objects to the R&R's assessment of the asserted reason for seeking voluntary dismissal. She argues that her stated reason for wanting to dismiss is to

---

[5] In the context of considering the waste of judicial resources, Judge Foster observed that "Plaintiff continues to demonstrate an unwillingness to respect the Court's orders." [R&R at 9–10.] Although Ms. Meranelli disagrees with this assessment in her Objections [Pl.'s Obj. at 6–7], the Court agrees with Judge Foster's observation that any subsequent suit by Ms. Meranelli concerning these matters would likely involve similarly extensive and litigious motion practice. [R&R at 10.]

engage in good-faith efforts to resolve the dispute without the need for judicial intervention, which should be supported by the Court because it would save judicial resources. [Pl.'s Obj. at 6.] This Objection is overruled. Judge Foster found Ms. Meranelli's stated reasons for dismissal unpersuasive, noting that Plaintiff had admitted she wished to avoid a decision on the Defendants' motion for summary judgment, keep open the possibility of refiling the same claims, and negotiate from a stronger tactical position. [R&R at 10 (citing Doc. 205 at 3).] The record supports Judge Foster's conclusion, and the caselaw provides that voluntary dismissal without prejudice should be denied where it appears to be undertaken for the purpose of avoiding an unfavorable decision. *Thatcher*, 659 F.3d at 1214–15; *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 805 (8th Cir. 2021) (explaining that "prior cases have repeatedly noted the importance of inquiring into whether a party has a proper explanation for its desire to dismiss" and that courts must consider "whether the plaintiff south dismissal to avoid adverse judgment") (internal quotation marks omitted).

For these reasons, the Court agrees with Judge Foster's recommendation and the Plaintiff's motion for voluntary dismissal without prejudice is denied.

### B. Defendants' Motion for Summary Judgment

In the R&R, Judge Foster recognized that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). [R&R at 11.] The R&R accurately sets forth the familiar law governing summary judgment procedure, Ms. Meranelli raises no issue with

that discussion in her Objections, and the Court will not further repeat that standard here. [R&R at 11–12.]

As noted, the remaining substantive claims in this case include § 1983 claims of inadequate medical care and impermissible punishment. Judge Foster recommended that Defendants' motion be granted as to these claims. With respect to the punishment claim, she explained that the record showed group therapy is an important tool offered at MSOP, that individuals arriving late or leaving early from group sessions can be disruptive, and that is why facilitators of group therapy (like the therapists leading Ms. Meranelli's core group) prohibit participants from leaving during the middle of a session unless they have a documented reason for doing so. Judge Foster found the goal of making treatment most effective is rationally related to MSOP's legitimate interests in rehabilitation of its civilly committed detainees, and Plaintiff provided no evidence creating a genuine issue of fact suggesting the policy at issue was punitive. Judge Foster further found that the § 1983 claim regarding inadequate medical care was essentially predicated on the same alleged violations of the ADA and RA that form the basis of those statutory claims. Consequently, Judge Foster applied Eighth Circuit law and concluded that the overlapping § 1983 claims should be dismissed. [R&R at 15–17.] Ms. Meranelli does not object to Judge Foster's conclusions as to either of these claims. Based on the Court's review of the R&R and the record in this matter, the Court finds no clear error. Accordingly, the Defendants' motion for summary judgment is granted with respect to these claims.

Judge Foster also addressed Ms. Meranelli's disability discrimination claims under the ADA, the RA, and the MHRA. At the outset, Judge Foster explained that the "crux of Plaintiff's claims is that Defendants denied her any reasonable accommodation for a health condition by refusing to permit necessary restroom breaks during therapeutic programming." [R&R at 1.] The R&R addressed these claims together, an approach to which Ms. Meranelli does not object. Judge Foster explained that Ms. Meranelli had the burden to show that she (1) is a person with a disability as defined by the ADA; (2) is otherwise qualified for the benefit in question; and (3) was excluded from the benefit due to discrimination based on her disability. [R&R at 12 (citing *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999)).]

For the first element of the prima facie case, Plaintiff must show that her conditions are "substantially limiting," meaning that she is "'[s]ignificantly restricted as to the condition, manner or duration under which [she] can perform a major life activity,' as compared to the average person." [R&R at 13 (quoting *Kirkeberg v. Canadian Pac. Ry.*, 619 F.3d 898, 903 (8th Cir. 2010)).] Reviewing the evidence in the record, Judge Foster found: (1) that there was virtually no evidence in the record establishing that Plaintiff has a history of substantially limiting bowel incontinence; (2) the only medical record even mentioning diarrhea symptoms was a March 2002 emergency room note, made more than 18 years prior to her reasonable modification request and reporting only 12 hours of symptoms as opposed to a chronic issue; (3) follow-up medical records showed no continued complaints of symptoms; and (4) Plaintiffs visits with medical professionals at MSOP over many years showed no complaints regarding bowel

13

incontinence. [R&R at 13–14.] Because Ms. Meranelli failed to point to any evidence supporting her allegation of chronic bowel incontinence, Judge Foster concluded that there is no genuine issue of material fact regarding whether Ms. Meranelli's bowel symptoms constitute a disability, and no reasonable jury could find in her favor. [*Id.* at 14.]

Ms. Meranelli Objects to Judge Foster's summary judgment recommendation regarding the disability discrimination claims. First, she contends that the R&R erred by relying on three cases—*Kirkeberg*, 619 F.3d 898; *Ristrom v. Asbestos Workers Local 34 Joint Apprentice Comm.*, 370 F.3d 764 (8th Cir. 2004); and *Fjellestad v. Pizza Hut of Am., Inc.*, 188 F.3d 944 (8th Cir. 1999)—that in turn cite Supreme Court decisions with which Congress disagreed when it passed amendments to the ADA in 2008. *See, e.g.*, *Kirkeberg*, 619 F.3d at 904 n.2 (citing *Sutton v. United Air Lines Inc.*, 527 U.S. 471 (1999) and *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184 (2002)). This Objection is also overruled. The R&R did not rely directly on either *Sutton* or *Toyota Motor* in reaching its conclusions concerning her disability discrimination claims, and the Eighth Circuit cases the R&R did cite remain good law. Indeed, courts within this district continue to rely on those same cases when explaining what a plaintiff must show to establish that a condition is substantially limiting. *E.g.*, *Kiel v. Mayo Clinic Sys. Southeast Minn.*, __ F. Supp. 3d __, 2023 WL 5000255, at *12 (D. Minn. Aug. 4, 2023) (citing *Kirkeberg*, 619 F.3d at 903); *Maximo Lopez v. Amazon.com Servs., LLC*, Civil No. 23-6 (JRT/DLM), 2023 WL 4203087, at *3 (D. Minn. June 27, 2023) (same). Moreover, Ms. Meranelli fails to identify any way in which the articulation of the legal standard

governing her disability discrimination claims in either the R&R or the Eighth Circuit cases conflicts in any way with the 2008 amendments to the ADA.

Finally, Ms. Meranelli objects to the R&R's conclusion that there is no evidence suggesting she has a substantially limiting disability because she filed her own affidavit in this case stating that she has an impairment causing disabling symptoms. [Pl.'s Obj. at 8–9.] Presumably, Ms. Meranelli references the February 18, 2022 Declaration of Substantial Limitations of Daily Activities that she filed pursuant to 28 U.S.C. § 1746. [Doc. 101.] However, it is worth noting that Ms. Meranelli failed to present this issue to Judge Foster in response to the Defendants' motion for summary judgment. *See Milner v. Olmstead County Adult Center*, No. 21-cv-2454 (SRN/HB), 2022 WL 278743, at *2 (D. Minn. Jan. 31, 2022) (explaining that the plaintiff could not raise an argument about the sufficiency of his factual allegations in objections to an R&R that were not clearly presented to the magistrate judge and citing *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006)).

In any event, the Declaration does not undermine Judge Foster's conclusion that no reasonable jury could find for Ms. Meranelli on her disability discrimination claims. The first seventeen paragraphs of the Declaration present only a discussion of the ADA, the ADA Amendments Act, and legal argument regarding the same, which says nothing about whether Ms. Meranelli's alleged condition is, in fact, substantially limiting. Ms. Meranelli then restates portions of her medical records from February and March of 2001 that led to her gallbladder surgery and largely repeats statements from her verified amended complaint regarding her alleged post-surgical bowel incontinence. [*Id.* ¶¶ 18–

15

25.] Judge Foster thoroughly evaluated the evidence in the record and correctly noted that there is no documented history of Ms. Meranelli's alleged bowel incontinence, and the only medical attention she sought for such symptoms is nearly two decades in the rearview mirror. Ms. Meranelli's Declaration does not identify additional documented instances where Ms. Meranelli's alleged bowel incontinence substantially limited one or more of her major life activities when MSOP rejected her accommodation request.[6] The test on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *Peterson v. Equifax Info. Servs.*, 44 F.4th 1124, 1128 (8th Cir. 2022) ("To avoid summary judgment, a scintilla of evidence will be insufficient[.]") (cleaned up). Accordingly, this Objection is overruled.

### III. Order

For the reasons discussed above, **IT IS HEREBY ORDERED THAT**

1. The Report and Recommendation [Doc. 208] is **ACCEPTED**.

2. Plaintiff's Objections [Doc. 209] are **OVERRULED**.

---

[6] In her Objections, Ms. Meranelli states that "some courts have held that an affidavit from the disabled person stating that [her condition] is substantially limiting is evidence of the substantial limitations." [Pl.'s Obj. at 8.] Certainly, to oppose summary judgment, a party's own sworn statements in an affidavit (or those made in a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746) can provide evidence that establishes a genuine issue of fact for trial. However, Ms. Meranelli does not point to any authority in her Objections that she considers analogous precedent for the Court to use as a comparison. For example, Ms. Meranelli does not cite a comparable case in which a court has denied a defendant's motion for summary judgment where the record contains no evidence that a claimant has any documented request for treatment for an allegedly disabling condition for nearly twenty years, but then seeks an accommodation based on the claimant's uncorroborated statement, two decades later, that the condition causes substantially limiting symptoms.

3. Plaintiff's Motion for Voluntary Dismissal [Doc. 200] is **DENIED**.

4. Defendants' Motion for Summary Judgment [Doc. 183] is **GRANTED**.

5. This action is **DISMISSED WITH PREJUDICE**.

**Let Judgment be entered accordingly**.

Date: March 7, 2024                                  *s/Katherine Menendez*
                                                     Katherine Menendez
                                                     United States Magistrate Judge